ST. PATRICK'S CONGREGATION, Respondent, vs. HOME INSURANCE COMPANY, Appellant.

*October 15 — November 1, 1898.*

*Appealable orders.*

Neither an order denying a motion for judgment on the pleadings because of the nonjoinder of parties defendant, nor an order refusing to vacate and set aside the judgment of a justice of the peace upon the ground that he had no jurisdiction of the subject matter, is "an order affecting a substantial right, made in any action," which "in effect determines the action and prevents a judgment from which an appeal might be taken," so as to be appealable under subd. 1, sec. 3069, Stats. 1898.

APPEAL from orders of the circuit court for Juneau county: O. B. WYMAN, Circuit Judge. *Appeal dismissed.*

This action was commenced in justice's court, and resulted in a judgment for the plaintiff for $70 and costs. The defendant appealed to the circuit court. It then made a motion, on notice, to "vacate, annul, and set aside" the judgment of the justice, on the ground that the justice had no jurisdiction of the subject matter of the action. This motion was denied. The defendant then made a motion for judgment on the pleadings, on the ground that there was a nonjoinder of parties defendant. This motion was also denied. The defendant then filed and served an undertaking and a notice of appeal, in which the orders appealed from are identified as

follows: "One of said orders being an order denying defendant's motion for judgment on the pleadings on account of nonjoinder of parties defendant, and the other order being an order denying defendant's motion to dismiss the appeal made to the circuit court, on the ground that the justice of the peace who tried the case had no jurisdiction of the subject matter of the action."

For the appellant the cause was submitted on the brief of *Rolla E. Noyes*.

For the respondent there was a brief by *Smith & Smith*, attorneys, and *J. M. Morrow*, of counsel, and oral argument by *Mr. Morrow*.

BARDEEN, J. Sec. 3069, Stats. 1898, names the orders which may be carried to this court by appeal. Subd. 1 says: "An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." Neither of the orders appealed from had the effect to "determine the action" or "prevent a judgment from which an appeal might be taken." *Reinhart v. Fire Asso.* 93 Wis. 452. One of the orders described in the notice of appeal is mentioned as "being an order denying defendant's motion to dismiss the appeal made to the circuit court." No such order appears in the record.

*By the Court.*— The appeal is dismissed.