JULY, Respondent, vs. ADAMS and others, Appellants.

*September 13—October 10, 1922.*

*Pleading: Intermingling causes of action: Demurrer: Presumption: Proper parties: Fraud: Exchange of lands: Conspiracy: Beneficiary of fraud as party.*

1. The fact that, intermingled with allegations of a complaint setting forth various transactions by which a conspiracy to defraud plaintiff out of her farm was carried out, there were statements of fact which, if taken by themselves, might constitute a separate and distinct cause of action as against some one or more of the defendants, is no ground for demurrer.

2. A complaint alleging that plaintiff was by fraud induced to make an exchange of real property, that in consummation of the fraud one of the defendants parted with his property and was a beneficiary of the fraud, and that defendants conspired

to defraud plaintiff, is sufficient as against a demurrer to charge such defendant with liability for the acts of his co-owners.

3. Every reasonable presumption is to be indulged to uphold a pleading.

4. On demurrer an allegation in a complaint that the plaintiff was the owner of the land in question controls, and she is the proper party plaintiff, although it is also alleged that her husband's estate was being probated and that she was to receive a sum of money which was needed to settle the estate, there being no allegation that she had inherited the land from her husband.

APPEAL from two orders of the circuit court for Washington county: C. M. DAVISON, Circuit Judge. *Affirmed.*

The complaint charges that the defendants conspired to defraud the plaintiff out of her farm and sets out at length the details by which the fraud was consummated.

The defendant *Alex Weil* interposed a demurrer to the complaint. There was also a separate demurrer by the defendants *George W. Adams* and *Orlo H. Adams.* The demurrers were overruled, and from the orders overruling the demurrers the defendants appeal.

The cause was submitted for the appellants on the brief of *Hoyt, Bender & McIntyre* of Milwaukee, and for the respondent on a brief signed by *Philip Lehner* of Princeton.

ROSENBERRY, J.    The complaint in this case covers twelve pages of the printed case and in it a great mass of evidentiary matter is set out, most of which has no proper place in a complaint. We shall not set out the complaint but refer to such parts of it as are necessary to dispose of the questions raised here.

First, it is claimed that there is a misjoinder of a cause of action for fraud in inducing the exchange of real estate with an entirely distinct cause of action for misappropriation of rents by two of the defendants after the exchange was made, and further, that there is a misjoinder of an alleged cause of action against the defendant *Rosenheimer*

for breach of his duty as an agent of the plaintiff with an alleged cause of action for fraud against the three other defendants who bore no fiduciary relation to the plaintiff. There was no attempt upon the part of the pleader to set out but a single cause of action. The allegations which are alleged to state the separate causes of action are matters which are alleged in setting forth various transactions by means of which a conspiracy to defraud the plaintiff was carried out. The fact that intermingled with these allegations there are statements of fact which, if taken by themselves, might constitute a separate and distinct cause of action as against some one or more of the defendants, is no ground for demurrer. From an early day it has been held that improper intermingling, in one count, of several different causes of action is no ground of demurrer, but defendant's remedy is by motion to make the complaint more definite and certain. *Akerly v. Vilas*, 25 Wis. 703; *Riemer v. Johnke*, 37 Wis. 258; *Wis. River L. Co. v. Paine L. Co.* 130 Wis. 393, 110 N. W. 220.

It is next urged that the complaint states no cause of action whatever against the defendant *Weil*. It appears from the allegations of the complaint that *Weil*, with the defendants *George W. Adams* and *Orlo H. Adams*, were the owners of a part of the premises conveyed to the plaintiff in exchange for which she conveyed her property to *Weil* and his codefendants *George W. Adams* and *Orlo H. Adams*. There is no allegation of partnership nor no direct allegation that in making the exchange the defendants *Adams*, who were charged with participation in the fraud, represented the defendant *Weil*. It appearing from the allegations of the complaint that the exchange was induced by fraud, that in the consummation of the fraud the defendant *Weil* parted with his property and was a beneficiary of the alleged fraud, we think in the absence of any other showing that the allegation that the defendants conspired to defraud the plaintiff is sufficient to charge the

defendant *Weil* with liability for the acts of his co-owners. Every reasonable presumption should be indulged in, in order to uphold the pleading. While the allegations of the complaint in this respect are very meager, we think they are sufficient.

It is next urged that there is a defect of parties plaintiff in that it appears upon the face of the complaint that the estate of John July, the deceased husband of the plaintiff, and the children of the deceased are necessary parties. The argument to support this claim is very attenuated, to say the least. The complaint alleges that the plaintiff, *Susan July,* was the widow of John July; that her husband, John July, died in 1918, and that his estate was then being probated in the county court of Washington county; that the plaintiff was to receive $4,000 in cash, which was needed in a large part to settle the estate of her deceased husband. From these and similar allegations defendants deduce the conclusion that she inherited the property from her husband. It further appears from the complaint that the plaintiff was the owner of the premises in question. She may have been the widow of John July and this farm may have constituted her separate estate. She may have had interests in connection with the settlement of her husband's estate which would require her to produce $4,000 from her own resources. We find nothing in the complaint to substantiate the claim that she had inherited this property from her husband. In the absence of an allegation to that effect, the allegation that she was the owner of the property in question must control.

We are urged on behalf of the respondent to hold the demurrers in question frivolous and impose the penalty of double costs and direct the immediate return of the record to the clerk of the circuit court for Washington county. While we must hold that the demurrers are not well taken, the complaint is certainly open to criticism and we cannot say that the attack upon the complaint by way of demurrer

is entirely unwarranted. The request will therefore be denied.

*By the Court.*—The orders appealed from are affirmed.