Rosenthal, Respondent, vs. First Bohemian Building & Loan Association, Appellant.

*February 10—March 8, 1927.*

*Landlord and tenant: Liability of landlord for injuries to tenant due to condition of premises: Accumulation of ice on stairways.*

1. A complaint which alleged that plaintiff, who was a tenant of the defendant, fell on the basement steps because of an accumulation of snow and ice adjacent to a drain pipe, caused by some defect inside the pipe, whereby water from the roof backed up, flowed on the steps, and froze; that defendant knew, or ought to have known, of such defect and danger in the pipe and should not have concealed it; that it was the

duty of the defendant to promptly repair the drain pipe, and that his failure to do so constituted a want of ordinary care, to plaintiff's damage,—is insufficient to state a cause of action at common law, or under sec. 101.06 and sub. (12), sec. 101.01, Stats., notwithstanding there be extended to the pleading the extreme liberality of construction required by sec. 263.27. p. 328.

2. Under an ordinary lease there is no contract duty on the part of a landlord to keep in repair the stairs, hallways, or roof of a building when used in common by more than one tenant. p. 329.

APPEAL from an order of the circuit court for Milwaukee county: CHARLES L. AARONS, Circuit Judge. *Reversed.*

The complaint alleged in substance:

That plaintiff occupied as tenant of defendant an undescribed portion of the latter's premises; that while in lawful use and possession of the premises plaintiff fell at the steps leading to the basement and was injured; that such fall was by reason of an accumulation of snow and ice adjacent to a drain pipe placed into the steps; that such pipe had been provided by defendant in making repairs to the roof during the tenancy; that there was some defect inside such pipe and thereby the water from the roof would not drain off but flooded back, flowed on the steps and froze; that defendant knew, or ought to have known, of such defect and danger in the pipe and should have warned the plaintiff and not concealed the same; that plaintiff did not and could not know of the condition of the pipe.

It further alleged that it was defendant's duty to have a safe drain pipe, to have promptly made repairs to make the same suitable and safe for use in connection with plaintiff's premises, and that the failure to do the things hereinbefore alleged constituted a failure to exercise ordinary care, to plaintiff's damage.

Defendant demurred for that the complaint did not state facts sufficient to constitute a cause of action. From the order overruling the demurrer defendant appeals.

The cause was submitted for the appellant on the brief of *Lenicheck, Boesel & Wickhem* of Milwaukee, and for the respondent on that of *Michael Levin* and *Jack Y. Feldman,* attorneys, and *Michael Levin* and *H. A. Kovenock,* of counsel, all of Milwaukee.

Eschweiler, J.   By the written opinion of the trial court, upon which his order sustaining the demurrer was founded, he indicated that though there were defects quite visible in the complaint, yet they were such as should be more properly remedied by a motion to make more definite and certain rather than by demurrer, and by his order granted leave to the defendant to answer or to make such motion as it might be advised.  *Lawver v. Lynch,* 191 Wis. 99, 210 N. W. 410.

Extending to this complaint, however, the extreme liberality nowadays required to be shown pleadings by statute (sec. 263.27) and by our decisions (*Palmersheim v. Hertel,* 179 Wis. 291, 299, 191 N. W. 567; *July v. Adams,* 178 Wis. 375, 378, 190 N. W. 89, and many others), nevertheless it falls short of stating a cause of action and gives another illustration of the possibly growing tendency to apparently rely upon the liberality of the court rather than upon the industry, care, and skill of a pleader, and thereby to often confuse the covering capacity of the mantle of liberality with that of the famed mantle of charity.

It is evident that the complaint was not framed under any theory of possible violation by defendant of the safe-place statute (sec. 101.06), made applicable to premises used by three or more tenants by sub. (12), sec. 101.01 (see *Gobar v. Val. Blatz B. Co.* 179 Wis. 256, 191 N. W. 509), and as held applicable in *Kelenic v. Berndt,* 185 Wis. 240, 201 N. W. 250, where defendant, landlord of such premises, was made responsible to one tenant of a four-family apartment building for injuries from a fall down a stairway not kept lighted to comply with the rules, held to have statutory effect,

of the industrial commission. Even under such statutory extension of the ordinary liability of landlord to tenant there still is none for the mere forming, by reason of climatic conditions, of ice on a platform, as is shown in *Holcomb v. Szymczyk*, 186 Wis. 99, 103, 202 N. W. 188. The holding in that case is also particularly important here in view of the fact that although the complaint before us alleges concealment by defendant from plaintiff of the defective condition of the drain pipe, there is no allegation that the slippery condition of the accumulation of ice and snow was concealed from plaintiff or not apparent to him upon the slightest inspection.

The complaint is barren of any express statements, and affords no means of reasonably presuming what the facts actually were as to whether the basement stairs were included in the portion of defendant's premises rented to plaintiff; whether such stairs were for the common use of plaintiff and other tenants; whether the alleged backing of the water and overflowing by reason of a defect in the pipe was from the roof of the building or at or near the point of contact of the drain pipe with the stairs; the length of time any such defective condition either in the pipe or on the stairs had existed.

This court, unlike some of the others, is committed to the doctrine that there is no contract duty arising under the ordinary lease on the part of the landlord to keep in repair the stairs, hallways, or roof of a building when used in common by more than one tenant. *Kuhn v. Sol. Heavenrich Co.* 115 Wis. 447, 454, 91 N. W. 994, and the cases there cited, particularly *Cole v. McKey*, 66 Wis. 500, 29 N. W. 279.

It is evident, therefore, that there can be no right to recover against defendant spelled out from this complaint and based upon either statutory or contract obligation.

Neither can we find sufficient facts alleged upon which defendant could be required to go to trial upon some theory

that it was being charged with some breach of some common-law duty on its part as landlord towards plaintiff as tenant.

Cases relied upon by respondent, such as *Anderson v. Hayes,* 101 Wis. 538, 543, 77 N. W. 891, where the defendant landlord, knowing of a concealed danger in an elevator cable, failed to inform, and *Wertheimer v. Saunders,* 95 Wis. 573, 70 N. W. 824, 37 L. R. A. 146, where the landlord, at the request of the tenant, undertakes to put on a new roof and fails to exercise ordinary care in so doing, is held liable on the same principle that any third person so contracting would be, are none of them controlling here.

Failing, therefore, to find a reasonable basis for construing the complaint as stating a cause of action against the defendant under any hypothesis based upon its allegations, the demurrer should have been sustained.

*By the Court.*—Order reversed.