SCHLITZ REALTY CORPORATION, Appellant, vs. CITY OF MILWAUKEE and others, Respondents.

*February 10—March 7, 1933.*

64

For the appellant there were briefs by *Walter J. Mattison,* attorney, and *Gold & McCann, Walter D. Corrigan, Sr.,* and *August C. Backus* of counsel, and oral argument by *Mr. Mattison, Mr. J. E. Porter, Mr. Corrigan, Mr. Walter L. Gold,* and *Mr. Backus,* all of Milwaukee.

For the respondents there was a brief by *Max Raskin,* city attorney, *William Quick,* first assistant city attorney, *Herbert C. Hirschboeck* and *H. A. Kovenock,* assistant city attorneys, and oral argument by *Mr. Quick, Mr. Hirschboeck,* and *Mr. Kovenock.*

FOWLER, J.  The motion to dismiss the complaint for want of equity is equivalent to a demurrer to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.  We are therefore here concerned only with the allegations of the complaint.  The question for determination is whether the complaint states a cause of action for injunctional relief.

It is the claim of the plaintiff that the practices complained of as illegal go to the foundation of the taxation of its property and that under the rule of such cases as *A. H. Stange Co. v. Merrill,* 134 Wis. 514, 115 N. W. 115, it is entitled to the relief demanded.  The allegations of the complaint in that case are paralleled to those in the complaint herein, and it is urged that the cases are identical in the con-

trolling facts alleged and in purpose and that the identical remedy therein granted should be granted herein. But there is one allegation in the complaint in that case that is wanting here and that allegation is essential to the granting of relief. It is that the tax had been levied against plaintiff's property and constituted a lien thereon and a cloud upon the plaintiff's title. Removal of clouds upon title to real estate is an established branch of equity jurisdiction. The *Stange Co. Case, supra,* fell within that branch. Such injunctional relief as is granted in such a case is merely incidental to the main object of the action, which is the voiding of a tax and the removal of the cloud on title created thereby.

In the early case of *Judd v. Fox Lake,* 28 Wis. 583, this court held that action does not lie to interfere with the collection of a tax until the same has been levied and become a lien on the land against which it is extended on the tax roll and that the basis of an action for relief from an illegal tax levied on real estate is the removal of the lien and the cloud on the title. This rule has been consistently adhered to ever since. No case in this or any other court has been cited to us wherein injunctional or other relief from illegal taxes has been granted before the tax has been levied, and we venture to say that none such can be found in the books. The case of *Beaser v. Ashland,* 89 Wis. 28, 61 N. W. 77, is cited as to the contrary, but the tax there involved was a special tax and had been actually imposed. The amount thereof had been determined and the taxation process was complete. It is said in that case that "the tax or assessment, in an uncanceled state, has a tendency to throw a cloud over the title." The case was thus considered as within the established branch of equity to remove clouds from title. The word "assessment" used in the quotation is used as meaning the imposition of the tax—the determination of the amount of the tax—not the mere valuation of property as a basis of taxation as is the assessment of the city assessors here

involved. In every case in this court in which expressions occur to the apparent effect that "assessments" have been set aside, the word is used in this sense. The act referred to has imposed a tax. A case more nearly parallel to the instant case is that of *Gilkey v. Merrill,* 67 Wis. 459, 30 N. W. 733, wherein a taxpayer sought to set aside an assessment of his own and all the other property of the city, and to enjoin the levy and collection of a tax thereon. The complaint was dismissed upon demurrer for insufficiency of the facts stated to constitute a cause of action. This decision was followed in *Foster v. Rowe,* 132 Wis. 268, 111 N. W. 688. It is true that in these cases the action was aimed at the entire assessment of the city. But if this plaintiff, and the eight others who bring like actions submitted herewith, may bring this action, then every taxpayer in the city may bring an action to enjoin the levy of a tax against his property for whatever facts, real or imaginary, he may deem sufficient to invalidate his assessment, and the city is nearly or quite as seriously embarrassed in the collection of its taxes as when the entire assessment is attacked in a single suit. In one aspect it is more embarrassed, as it has to defend a multitude of suits instead of one.

The matter of interference with tax collections was discussed and prior decisions quoted from at great length in the case of *State ex rel. City of Sheboygan v. Sheboygan County,* 194 Wis. 456, 216 N. W. 144, and we need not repeat what is there said. The matter particularly discussed was an attack upon an entire tax levy, but what is said applies if in less measure to the instant situation:

"The pecuniary injury that could in any event be inflicted on the individual taxpayer would be trifling as compared with the disturbance of public affairs which would result from allowing every individual taxpayer to force the governmental unit levying the tax to defend its action before the courts upon a common-law writ of *certiorari.* The mischief

that might result from a rule permitting every taxpayer to make the court, in effect, a sort of upper house to review all matters of municipal taxation would greatly exceed any injury that might be done to the rights of individual taxpayers."

This applies as well to injunctional interference by the courts as to interference under the writ of *certiorari*. The taxpayer has an adequate remedy at law under sec. 74.73, Stats., by paying the tax levied against his property and suing to recover the excess levied. We are not unmindful that the plaintiff contends that to compel it to pay the excess over the amount that may legally be levied against it deprives it of its constitutional right "to obtain justice freely and without being compelled to purchase it." But we need not pass upon the constitutional point because, if well taken, the plaintiff, being in equity, should do equity, and should manifestly wait until the tax is levied, or before bringing its action should pay the amount of its tax on the basis of what it claims is a proper assessment, or on bringing it should pay the amount into court for the benefit of the city. This consideration alone warrants the dismissal of the complaint for want of equity. The averment of willingness to pay a proper tax does not fill the requirement of actual payment of it.

It follows from the above that judgment of the trial court dismissing the complaint should be affirmed. The restraining order necessarily falls with the complaint.

The court upon dissolution of the restraining order assessed the damages sustained by the defendant city in procuring its dissolution at the sum of $312.38. It is conceded that the amount of $1,049.48 was expended by the defendant city in procuring appraisals of the items of property owned by the plaintiff in this case and eight others who raised the same issues and submitted them with the plaintiff in the court below and in this court, and it was stipulated

that if allowance for the expenditures was proper that the total expenditure be apportioned equally among the several plaintiffs. It is contended (1) that the expenditures were in fact made in preparation for trial of the case and hence not allowable as damages at all; (2) that the restraining order was not a temporary injunction and damages were not assessable on its dissolution; (3) and that including in the judgment a judgment against the sureties for the amount of these damages was improper.

(1) Procuring evidence as to the value of the property was essential in resisting the application for a temporary injunction. Resisting the application was in effect moving to dissolve the restraining order, as is more particularly shown below. We consider that allowance of the item was proper under the rule of *Muscoda Bridge Co. v. Worden-Allen Co.* 207 Wis. 22, 239 N. W. 649, 240 N. W. 802, and *Antigo Electric Co. v. Faust Lumber Co.* 209 Wis. 139, 244 N. W. 604.

(2) The contention here is that damages can only be assessed for expenditures incurred in moving to dismiss a temporary injunction, and that opposing the issuance of a temporary injunction pursuant to an order to show cause why such an injunction should not issue is not such a motion. The order to show cause contained an order restraining the defendants from proceeding pending hearing of the order to show cause. This was an injunction pending the hearing, and of the same effect temporarily as an injunction *pendente lite*. Responding to the order to show cause was in effect moving to dissolve this injunction. The damages were therefore properly assessed.

(3) The judgment comprises a judgment against the plaintiff and its sureties for the amount of damages sustained by the defendants by reason of the wrongful issuance of the injunction. The claim is made that entry of such judgment against the sureties was erroneous. Sec. 268.07,

Stats., provides that the defendant may be required by the plaintiff or his sureties to file a bill of particulars of the damages claimed by the defendant and that either plaintiff or sureties may make an offer of the amount of damages to be adjudged.  This contemplates that the sureties may appear in the proceeding if they wish.  They did so appear in this action, as the order determining the damages recites, and stipulated as to the amount expended for appraisers.  They were served with notice of the proceeding to assess the damages.  We consider that under these circumstances they made themselves a party to the proceeding and that incorporating in the judgment an award against them was proper.

*By the Court.*—The judgment and orders of the circuit court are affirmed.