DIRECT SERVICE OIL COMPANY, Respondent, vs. WISCONSIN ICE & COAL COMPANY, Appellant.

*May 1—June 4, 1935.*

The cause was submitted for the appellant on the briefs of *Thomas E. Torphy* of Milwaukee, and for the respondent on that of *Affeldt & Lichtsinn* of Milwaukee.

NELSON, J. The plaintiff contends that defendant's motion was one for judgment on the pleadings, and that the order denying it is not appealable.

The defendant moved "upon all the records, pleadings and files herein . . . for judgment dismissing plaintiff's complaint upon the merits and for judgment . . . on its counterclaim." The records, pleadings, and files consisted of the summons, complaint, answer, counterclaim, and reply. In our opinion the motion was one for judgment on the pleadings.

From certain language contained in the decision of the trial court it is apparent that the court regarded defendant's

motion as dual in nature; *i. e.,* (1) a motion to strike out the complaint, and (2) a motion for judgment on its counterclaim. So regarding the motion, the court was of the opinion that the motion, in so far as it was directed to a dismissal of the complaint, was in effect a motion to strike out the complaint and was equivalent to a general demurrer. In *Williams v. Journal Co.* 211 Wis. 362, 247 N. W. 435, it was held that a motion to strike out in its entirety a separate defense is in legal effect a demurrer. In *Schlitz Realty Corp. v. Milwaukee,* 211 Wis. 62, 247 N. W. 459, it was held that a motion to dismiss the complaint for want of equity was the equivalent of a demurrer and challenged the sufficiency of the complaint. But in the very recent case of *First Wisconsin Nat. Bank v. Carpenter, ante,* p. 30, 259 N. W. 836, it was held that unless it expressly appears upon the face of a motion to strike an answer, or of the order made thereon, that either the motion or the order is based upon one of the statutory grounds for demurrer, so that it virtually is a demurrer, it properly should not be regarded as such. The defendant's motion, even if considered merely as a motion to dismiss the complaint, was obviously not based upon one of the statutory grounds of demurrer. It therefore may not be regarded as a demurrer to the complaint. A careful consideration of the complaint, answer, counterclaim, and especially the reply (which contained numerous admissions by the plaintiff), in connection with the language of the motion itself, shows it to be merely a motion for judgment on the pleadings.

Sec. 274.33, Stats., which authorizes appeals from orders, as far as here material, provides:

"The following orders when made by the court may be carried by appeal to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken. . . .

"(3) When an order . . . sustains or overrules a demurrer. . . ."

The order clearly did not in effect determine the action or prevent a judgment from which an appeal might be taken. It has been specifically held that an order denying a motion for judgment on the pleadings is not appealable under sec. 274.33 (1). *St. Patrick's Congregation v. Home Ins. Co.* 101 Wis. 155, 76 N. W. 1125; *Lancaster v. Borkowski,* 179 Wis. 1, 190 N. W. 852. In *Schlesinger v. Schroeder,* 210 Wis. 403, 245 N. W. 666, the denial of a motion for summary judgment was considered. It was held that such a motion was similar in effect to a motion for judgment on the pleadings, and was not appealable. Since the appeal is from an order which is not appealable, it must be dismissed.

*By the Court.*—Appeal dismissed. The plaintiff to have $10 motion costs.