WERNER TRANSPORTATION COMPANY, Respondent, vs. SHIMON, d/b/a MORRIS SHIMON POULTRY & EGG COMPANY, Appellant.

*May 23—June 22, 1946.*

For the appellant there was a brief by *Lueck & Lueck* of Watertown, and oral argument by *R. W. Lueck, Jr.*

For the respondent the cause was submitted on the brief of *Grady & Dakin* of Watertown.

FOWLER, J. The case is an appeal from a judgment of the circuit court for Jefferson county, designated a summary judgment, awarding to the plaintiff against the consignee, recovery of freight charges of an interstate motor vehicle common carrier for transportation from Montevideo, Minnesota, to Milwaukee, Wisconsin, of three truckloads of eggs under a bill of lading alleged to bear the notation "collect."

The complaint alleges the sale to the defendant and the transportation and delivery by plaintiff to defendant of the three loads of eggs and that each such delivery was made under a bill of lading "requiring the cost of transportation to be paid by the [defendant] consignee." The answer admits the sale, transportation, and delivery of the eggs, that the amounts of the freight charges were correctly stated in the complaint, and alleges that they were to be paid by the consignor. It denies that they were shipped under a bill of lading requiring the consignee to pay the freight charges.

We consider that the denial of the answer does not raise an issue as to the liability of the defendant for the transportation charge. Although the consignee claims that by the contract of sale the consignor is to pay the charge for transporta-

tion, "the carrier may also look to the consignee to whom the goods are actually delivered" to pay them. *Great Northern R. Co. v. Hocking Valley F. C. Co.* 166 Wis. 465, 469, 166 N. W. 41. Although no contractual relation arises between carrier and consignee by the mere designation of the latter as consignee, the consignee is the presumptive owner of the goods transported, and if he accepts the goods in the capacity of owner the law implies a promise on his part to pay the charges. *New York Central Ry. Co. v. Warren Ross Lbr. Co.* 234 N. Y. 261, 137 N. E. 324, 24 A. L. R. 1160, 1162, citing *Pittsburgh C. C. & St. L. R. Co. v. Fink,* 250 U. S. 577, 40 Sup. Ct. 509, 63 L. Ed. 1151. Numerous cases are cited to this point in notes in 24 A. L. R. 1167; 78 A. L. R. 929; 129 A. L. R. 215.

A motion for summary judgment was based upon the "summons and complaint, and the answer filed herein and the affidavits" in support of the motion. It appearing that the plaintiff was entitled to judgment on the pleadings, the judgment entered is correct. It is immaterial that it was considered to be a summary judgment, and we need not consider whether the plaintiff strictly followed the procedure designated in the summary-judgment statute. *Monroe County Finance Co. v. Thomas,* 243 Wis. 568, 11 N. W. (2d) 190. It may be noted however that the summary-judgment statute implies that when the relief demanded by the complaint is grounded on a written instrument that instrument must be attached to or set forth by copy in the complaint or the affidavit in support of the motion. See sec. 270.635, Stats., which is set out in the margin [1] so far as here material. The

---

[1] Sec. 270.635 *Summary judgments.* (1) Summary judgment may be entered as provided in this section in any civil action or special proceeding.

(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment. . . .

record discloses that neither was done in the instant case, although the trial judge recites in his written decision that copies of the bills of lading are set out in the complaint. It is also stated in that decision that the bills of lading "were offered in evidence upon the hearing of the motion." We question, but do not decide, whether so offering them would cure the defect in the motion papers of not supplying them.

*By the Court.*—The judgment of the circuit court is affirmed.