DAVIS, Appellant, vs. LINDAU, Respondent.*

*May 4—June 1, 1955.*

* Motion for rehearing denied, with $25 costs, on September 13, 1955.

For the appellant there were briefs by *John G. Barsness* and *Woodward & May,* all of Madison, and oral argument by *Mr. Barsness.*

For the respondent there was a brief by *Toebaas, Hart, Kraege & Jackman,* and oral argument by *W. L. Jackman* and *Arnold J. Wightman,* all of Madison.

BROWN, J. The complaint identifies the plaintiff as a guest in the apartment of her son, who is the lessee of one apartment in defendant's two-apartment building. It then states (1) that a sidewalk connects both apartments to the streets and to each other and is used by the tenants, their guests, and licensees; (2) that under the lease defendant retained control of the walks leading to each apartment; (3) that on or about December 12, 1952, snow on the roof of the building melted and water dripped from the roof onto the sidewalk directly below, where it turned to ice; (4) that this endangered users of the sidewalk and the creation of this hazard was reasonably foreseeable by defendant; (5) that plaintiff, using the walk to get to her son's apartment, slipped and fell on the ice and sustained injury; (6) the complaint then alleges that before plaintiff fell defendant took no means to prevent the development of this danger or to

protect users of the sidewalk after it had developed and such omission constituted actionable negligence.

Plaintiff does not contend that ch. 101, Stats. (the safe-place statute), places responsibility on defendant under the facts pleaded. On such facts, the building and its surrounding walks and grounds is not a place of employment. *Cross v. Leuenberger* (1954), 267 Wis. 232, 65 N. W. (2d) 35, 66 N. W. (2d) 168. Neither is it a public building, sec. 101.01 (12). Nor does the complaint allege any contract, by the lease or otherwise, whereby defendant undertook an obligation to do the things which the complaint alleges he failed to do.

We find no such obligation to do such things, or liability for failure to do them, imposed on a landlord by the common law of Wisconsin. On the contrary, in *Holcomb v. Szymczyk* (1925), 186 Wis. 99, 202 N. W. 188, there was a second-story porch or platform used in common by the tenants of two apartments. It became slippery from an accumulation of ice in the same manner as did the walk in the present action. Plaintiff, a member of the family of a tenant, went out on the porch, slipped, fell, and was injured. The action was brought under the safe-place statute, as the building was occupied by more than three tenants. We held that not even the statute, which enlarges the common-law obligations of the owner of a building, required him to construct or maintain his building so as to prevent a natural accumulation of snow or ice on the platform.

In *Rosenthal v. First Bohemian B. & L. Asso.* (1927), 192 Wis. 326, 212 N. W. 526, plaintiff, a tenant, fell on steps leading to the basement which had become slippery by an accumulation of snow and ice. The action was not brought under the safe-place statute, but we held that (p. 329) :

"Even under such statutory extension of the ordinary liability of landlord to tenant there still is none for the mere

forming, by reason of climatic conditions, of ice on a platform, as is shown in *Holcomb v. Szymczyk,* 186 Wis. 99, 103, 202 N. W. 188. . . .

"This court, unlike some of the others, is committed to the doctrine that there is no contract duty arising under the ordinary lease on the part of the landlord to keep in repair the stairs, hallways, or roof of a building when used in common by more than one tenant. . . .

"It is evident, therefore, that there can be no right to recover against defendant spelled out from this complaint and based upon either statutory or contract obligation.

"Neither can we find sufficient facts alleged upon which defendant could be required to go to trial upon some theory that it was being charged with some breach of some common-law duty on its part as landlord toward plaintiff as tenant."

In *Cross v. Leuenberger, supra,* the plaintiff fell because a natural accumulation of snow and ice had made the steps of defendant's apartment building slippery. Plaintiff was an invitee or frequenter. We sustained a general demurrer to the complaint. Having in mind the requirement of sec. 263.07, Stats., that a complaint shall be found sufficient, as against a general demurrer, if it appears from the complaint that the plaintiff is entitled to any relief, our decision in effect determined that the facts pleaded failed to state a cause of action in plaintiff's favor at common law, as well as under the safe-place statute. The facts pleaded now are insufficient in the same manner and with the same result.

*By the Court.*—Judgment affirmed.