BUCKLEY, Appellant, v. PARK BUILDING CORPORATION and another, Respondents.

*June 8—July 1, 1966.*

628

For the appellant there was a brief by *Blumenthal, Herz & Scholl* and *Arthur J. Blumenthal* and *Gary B. Simon,* all of Milwaukee, and oral argument by *Mr. Simon.*

For the respondent Park Building Corporation there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Gerald T. Hayes.*

For the respondent Park State Bank there was a brief by *Prosser, Zimmermann & Wiedabach* of Milwaukee, and oral argument by *Frederick H. Prosser.*

GORDON, J.

*Propriety of a Motion for Judgment on the Pleadings.*

Before the jury was called, the defendant Park State Bank moved for judgment on the pleadings, and the court granted this motion. Upon this appeal, the plaintiff questions whether this particular motion was ever available to

a defendant in Wisconsin and urges that in any event it has been abolished. The plaintiff relies on the 1954 supreme court amendment to sec. 263.12, Stats., which abrogated the demurrer *ore tenus*. See 265 Wis. vi.

The motion for judgment on the pleadings does not appear to be expressly authorized in any Wisconsin statute. However, its existence and use have been recognized on a great many occasions. For example, it is referred to in sec. 270.29, Stats., which provides for assessment of damages by a jury where "the court orders judgment on the pleadings." A request for judgment on the pleadings has often been treated as a recognized motion in the courts of Wisconsin, as reflected in the following decisions of this court: *Werner Transportation Co. v. Shimon* (1946), 249 Wis. 87, 23 N. W. (2d) 519; *Monroe County Finance Co. v. Thomas* (1943), 243 Wis. 568, 11 N. W. (2d) 190; *State ex rel. Tracy v. Henry* (1935), 219 Wis. 53, 262 N. W. 222; *Madregano v. Wisconsin Gas & Electric Co.* (1923), 181 Wis. 611, 195 N. W. 861; *Kuhn v. Sol. Heavenrich Co.* (1902), 115 Wis. 447, 91 N. W. 994; *Baxter v. State* (1863), 17 Wis. 606 (*588). See also Comment, 1947 Wisconsin Law Review, 422.

The plaintiff argues that a motion for judgment on the pleadings is not available to a defendant. While this question has not heretofore been determined, there are at least two cases which have dealt with a defendant's use of this motion. *Direct Service Oil Co. v. Wisconsin Ice & Coal Co.* (1935), 218 Wis. 426, 261 N. W. 215; *St. Patrick's Congregation v. Home Ins. Co.* (1898), 101 Wis. 155, 76 N. W. 1125.

Perhaps the main thrust of the appellant's contention in regard to the propriety of this type of motion is her reference to the abolition of the demurrer *ore tenus* in 1954. It is argued that by this action the supreme court in effect abrogated the motion for judgment on the pleadings.

There can be no denying that defendant's motion for judgment on the pleadings is very close to a demurrer

*ore tenus.* Nevertheless, although the demurrer *ore tenus* has been abrogated, this court since 1954 has on several occasions recognized the existence (and, tacitly, the propriety) of the motion for judgment on the pleadings. Thus, in *Laughnan v. Griffiths* (1955), 271 Wis. 247, 252, 73 N. W. (2d) 587, the court stated that "in a situation where the pleadings raise no issue of fact, there are available the remedies of demurrer or motion for judgment on the pleadings."

Also, in *Szuszka v. Milwaukee* (1961), 15 Wis. (2d) 241, 244, 112 N. W. (2d) 699, the court observed that an order denying a motion for judgment on the pleadings is not appealable. In addition, in an earlier appeal of the dispute involved in the case at bar, the court inferentially confirmed the existence of the motion for judgment on the pleadings when it stated:

"Orders denying a motion to dismiss, or denying a motion for judgment on the pleadings are not appealable." *Buckley v. Park Building Corp.* (1965), 27 Wis. (2d) 425, 432, 134 N. W. (2d) 666.

The respondent Park State Bank suggests that the motion for judgment on the pleadings in the case at bar is distinguishable from a demurrer for the reason that a demurrer pleads *insufficient* facts to state a cause of action, whereas the motion in the instant case is grounded on the claim that *too much* was alleged in the complaint. We perceive no valid distinction and consider that the instant motion for judgment on the pleadings is closely related to a demurrer *ore tenus.*

If the defendant Park State Bank had submitted a demurrer *ore tenus,* the trial court presumably would not have entertained it. Does it follow that a trial court could not permit a defendant to amend its answer to include a demurrer? Can it be said to be beyond the power of a court to entertain a motion for judgment on the pleadings? In view of the continued recognition by this court of the motion for judgment on the pleadings even

after the abolition of the demurrer *ore tenus* in 1954, we conclude that the trial court was entitled to entertain the instant motion.

We recognize the incongruity in our upholding the motion for judgment on the pleadings at the same time we acknowledge its similarity to the outlawed demurrer *ore tenus*. It would appear that further amendment or clarification of sec. 263.12, Stats., may be advisable. Nevertheless, whether changes are or are not to be made in the future, we deem it necessary to conclude that under the current law of the state of Wisconsin trial courts have the power to consider motions for judgment on the pleadings.

### *The Public Sidewalk under the Safe-Place Statute.*

The trial court granted judgment on the pleadings because of its conclusion that the safe-place statute could not apply to a public sidewalk since it is neither a public building nor a place of employment.

There can be no doubt that a public sidewalk is not a structure within the safe-place statute. *Davis v. Lindau* (1955), 270 Wis. 218, 220, 70 N. W. (2d) 686; *Meyers v. St. Bernard's Congregation* (1954), 268 Wis. 285, 287, 67 N. W. (2d) 302; *Moore v. Milwaukee* (1954), 267 Wis. 166, 168, 65 N. W. (2d) 3; *Mistele v. Board of Education* (1954), 267 Wis. 28, 29, 64 N. W. (2d) 428; *Baldwin v. St. Peter's Congregation* (1953), 264 Wis. 626, 629, 60 N. W. (2d) 349; *Bauhs v. St. James Congregation* (1949), 255 Wis. 108, 110, 37 N. W. (2d) 842.

This court has often held that a public sidewalk is not a place of employment. *Corpron v. Safer Foods, Inc.* (1964), 22 Wis. (2d) 478, 126 N. W. (2d) 14; *Miller v. Welworth Theatres* (1956), 272 Wis. 355, 75 N. W. (2d) 286; cf. *Werner v. Gimbel Brothers* (1959), 8 Wis. (2d) 491, 99 N. W. (2d) 708. See also *Peppas v. Milwaukee* (1966), 29 Wis. (2d) 609, 139 N. W. (2d) 579, 141

N. W. (2d) 228; *Hansen v. Schmidman Properties* (1962), 16 Wis. (2d) 639, 115 N. W. (2d) 495.

The appellant, however, points to *Schwenn v. Loraine Hotel Co.* (1961), 14 Wis. (2d) 601, 111 N. W. (2d) 495, where a driveway located on city property was held to be a place of employment. The *Schwenn Case* has not been reversed, but it has been so carefully distinguished that it becomes clear that *Schwenn* rested on extraordinary circumstances. Recently, in *Peppas v. Milwaukee* (1966), 29 Wis. (2d) 609, 615, 139 N. W. (2d) 579, 141 N. W. (2d) 228, this court stated the following with reference to the *Schwenn Case:*

"Respondent Peppas also maintains that this case is governed by *Schwenn v. Loraine Hotel Co.* In *Schwenn* the plaintiff tripped on rutted snow and ice which had accumulated in a semicircular driveway lying in front of a hotel. The driveway, although located in city property, was not used for general public vehicular or pedestrian traffic, but rather was employed almost exclusively for the purpose of loading and unloading guests and luggage from taxis and private automobiles. The city did not post signs in, plow, or police the area. The hotel had a doorman present to assist guests in and out of vehicles using the driveway, and also to keep unauthorized vehicles away. A particular taxi company had two stands on the drive, and for thirty years had instructed drivers to keep the stands occupied. In the hotel lobby there was a direct telephone to the cab office. The hotel maintained two 'no parking' and one 'no parking, taxi stand' signs on the drive and shared snow removal operations with the cab company. It was held that under the circumstances, the driveway amounted to a place of employment for both the hotel and the taxi company."

In the case at bar, the circumstances are not alleged to be anything like those involved in *Schwenn*. There is no allegation that the defendants had "almost exclusive" dominion and control of the public sidewalk in question; there is no allegation to the effect that the general public did not use it for pedestrian traffic.

On the contrary, the allegations of the amended complaint demonstrate that Margaret Buckley's claim was based on conditions comparable to those faced by the plaintiffs in *Corpron* and in *Miller*. In rejecting the claim in the *Miller Case* that the defendant was liable for a safe-place violation, this court said, at page 359:

"The public sidewalk described cannot be translated into an employer's place of employment, because the responsibility of maintaining the sidewalk is not that of defendant; the care and maintenance clearly rests upon the municipality. Sec. 62.17, Stats. It must be recognized that in a state where there is no obligation on the abutting landowner to keep the sidewalk in front of his premises in repair or in a safe condition for public travel, in the absence of a statute or ordinance imposing such duty upon him a defect in the sidewalk not caused by him cannot be charged against him."

The complaint in the instant case does not allege that the defendants created an artificial condition on the public sidewalk but instead avers that Margaret Buckley fell on a public sidewalk which was in an icy condition due to the severe weather conditions. In the absence of extraordinary circumstances such as existed in *Schwenn,* the allegations of the instant case failed to state a cause of action under the reasoning and rules of law pronounced in *Miller, Corpron, Hansen,* and *Peppas,* all cited above.

At the hearing on the respondents' motions, the learned trial judge on several occasions stressed his view that a public sidewalk is not a place of employment and that there is no liability when a natural accumulation rather than an artificial condition is alleged. Appellant's counsel disagreed with the judge's analysis but did not request permission to amend the pleadings. Under the circumstances we believe it was within the discretion of the trial court to grant the defendants' motions.

*By the Court.*—Judgments affirmed.