OVITT, Respondent, vs. SCHUMEKOSKY and others, Appellants.

*September 18—October 14, 1924.*

*Appeal and error: Order refusing to dismiss complaint: Appealability.*

An order denying defendant's motion to dismiss the complaint on the ground that plaintiff is not the real party in interest is not appealable. p. 619.

APPEAL from an order of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Dismissed.*

The cause was submitted for the appellants on the brief of *B. E. Van Keuren* of Oshkosh, and for the respondent on that of *John J. Wood*, attorney, and *Fred Engelbracht*, of counsel, both of Berlin.

JONES, J.    This action was brought under sec. 3186 of the Statutes to quiet title, cancel a tax deed and other deeds, and to recover damages for trespass.    No bill of exceptions was settled.    On entering upon the trial the trial judge announced that the validity of the tax deed would be considered before the matter of improvements made by the defendant and his good faith would be taken up.    Considerable

testimony was taken, when the court made, among others, the following interlocutory finding:

"The plaintiff, *Ovitt,* holds the record title to three certain descriptions of land which will be referred to herein as lots 6, 7, and 14, but the ownership and equitable title of said lands is in Mrs. Edna G. Thackaberry, and has been in her name at all times herein mentioned."

Thereupon the defendant made a motion to dismiss the complaint for the reason that the plaintiff was not the real party in interest. This motion was denied.

It is contended by the appellant that under sec. 2605, Stats., requiring that every action must be prosecuted by the real party in interest, except as provided in sec. 2607, the action should have been dismissed as soon as the order above quoted was made. It is urged that the statute is mandatory and imperative. It is further claimed that the order is one affecting a substantial right and involves the merits of the action. It is argued by the respondent that since the court found that the plaintiff was the owner of record, he was the real party in interest and the proper party to bring the action. It is also claimed that the objection should have been made by answer and that the fact that a third person had the equitable title did not prevent the plaintiff from maintaining the suit, and that the proper remedy of the defendant was to move that such person be made a party. The plaintiff also contends that the order is not appealable.

The last point is well taken and is ruled by several decisions of this court. *Raymond v. Keseberg,* 98 Wis. 317, 73 N. W. 1010; *Gill v. Hermann,* 168 Wis. 589, 171 N. W. 76; *Motowski v. People's Dentists,* 183 Wis. 477, 198 N. W. 465. This makes it unnecessary to discuss the other questions raised.

*By the Court.*—Appeal dismissed.