DUEL, Commissioner of Insurance, Respondent, vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.*

*April 16—May 18, 1943.*

* Motion for rehearing denied, without costs, on July 27, 1943.

For the appellant there was a brief by *Herbert H. Naujoks* of Chicago, Illinois, and *R. M. Rieser* of Madison, attorneys, and *Ekern, Meyers & Mathias* of Chicago, Illinois, and *Rieser & Mathys* of Madison, of counsel, and oral argument by *Mr. Naujoks* and *Mr. Clifford G. Mathys.*

For the respondent there was a brief by the *Attorney General* and *James Ward Rector,* deputy attorney general, and oral argument by *Mr. Rector.*

FAIRCHILD, J.   The state, through its proper official, the insurance commissioner, in April, 1940, challenged the lawfulness of the defendant's practice in using "a membership fee as the consideration for a life privilege—a fee to which is allocated a portion of the expenses of furnishing insurance protection, which is treated as earned at once and against which unearned-premium reserves cannot be set up as required by the statutes."   See *Duel v. State Farm Mut. Automobile Ins. Co.* 240 Wis. 161, 189, 1 N. W. (2d) 887, 2 N. W. (2d) 871.   The defendant was not granted a license to carry on its business in Wisconsin.   The actions begun by the commissioner to enforce the rulings have not been tried.   By reason of the steps taken in legal procedure the defendant continued in business in opposition to a ruling of the state, and during that time the company claimed it was within its rights.   It now seeks a license for a current year and alleges its abandonment of the practice objected to.   Upon that state

of facts it asks that the pending actions be dismissed as moot. The application was denied at the circuit and the company brings the matter here on appeal.

The state urges its right to have determined in the pending actions the validity of the commissioner's orders because it concerns a matter of public moment which can be there settled. The defendant insists that it is useless to carry the proceedings further. It is apparent that the dismissal of the actions would leave the question undecided.

Evidently it was the opinion of the court below that the question was not moot when it entered its order denying defendant's motions.

The consideration of whether a question has become moot so that there is nothing to be executed by a judgment does not involve a determination of the rights of the parties. It goes no further than to protect against an unnecessary consumption of time. The court may of its own motion or upon motion of either party under such circumstances dismiss the case. Had the court granted the motion to dismiss, a final order would have resulted, and there could then have been a review on appeal but that is not the case here. The orders are not appealable.

The defendant urges that we treat this motion as one for summary judgment, but that would necessarily involve a determination of the existence of a cause of action and the virtue of claimed defenses. The summary-judgment statute provides only that "the judgment may be entered in favor of either party" upon his establishing "his cause of action sufficiently to entitle him to judgment" or on behalf of the defendant when "such evidentiary facts . . . shall show that his denials or defenses are sufficient to defeat the plaintiff." Sec. 270.635 (2), Stats. The practice of dismissing actions when questions have become moot does not arise out of that legislation and is not dependent thereon or controlled by it. As stated above, the fact that an action has become

moot is not a "defense" and a dismissal on that ground does not entitle the defendant to judgment. ,When a case is dismissed because the issues have become moot, there is no adjudication of the rights of the parties. *Thoenig v. Adams,* 236 Wis. 319, 323, 294 N. W. 826.

*By the Court.*—Appeals dismissed.