BAKER, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*April 9—May 13, 1947.*

*Norman L. Baker, in pro. per.,* for the appellant.

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

RECTOR, J.   There are three questions:

1. Was the appellant a resident of Wisconsin within sec. 71.01, Stats.?

2. Does sec. 71.11, Stats., provide for investigation and assessment of income where there has been no return filed?

3. Did the circuit court properly assess costs?

An appeal with respect to an assessment on appellant's 1941 income was before us in *Baker v. Department of Taxation* (1945), 246 Wis. 611, 18 N. W. (2d) 331.   The facts were carefully reviewed in the opinion filed and it was held that the board of tax appeals was justified in finding that Mr. Baker was domiciled in Wisconsin during that year.   He contended that he had abandoned his domicile in Milwaukee and had established one in Beulah, Michigan.   In 1942 ration books for himself and his wife were obtained in Beulah instead of in Milwaukee and an automobile which had been registered in Wisconsin the preceding year was registered in Michigan.   Other than these facts and the additional fact that Mr. Baker registered as a voter in Michigan in 1943, the facts bearing on this appeal are substantially the same as they were on the prior one. It would serve no useful purpose to restate here what was said there.   The additional facts are not of sufficient consequence to overcome the board's finding upon the other evidence.

As to the second question, the appellant refused to make a return.   The Department of Taxation proceeded to make an investigation and an assessment under the provisions

of sec. 71.11 (2) and (3), Stats. The appellant claims that the department should have proceeded under sec. 71.09 (6) which provides for what is known as a doomage assessment, upon notice. The statute under which the department proceeded, sec. 71.11, reads in part:

"(2) For the purpose of ascertaining the correctness of any return *or for the purpose of making a determination of the taxable income of any person,* the department of taxation or assessor of incomes shall have power to examine or cause to be examined . . . any books, papers, records or memoranda bearing on the income of such person. . . .

"(3) If it shall appear upon such investigation that a person has been over or underassessed, *or that no assessment has been made when one should have been made,* the department of taxation or assessor of incomes shall make a correct assessment in the manner provided in section 71.10."

The italicized portions establish beyond question the authority that was exercised.

The objection is made that there is no provision for assessing costs in these appeals. The appeal is a special proceeding under the definition of sec. 260.03, Stats., and costs were properly assessable under sec. 271.02 (2).

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., dissents.

BARLOW, J., took no part.