NEITGE, Respondent, vs. SEVERSON and wife, Appellants.

*March 8—April 5, 1950.*

The cause was submitted for the appellants on the brief of *Elizabeth Hawkes* of Washburn.

For the respondent there was a brief by *Norlin & Spears* of Washburn, and oral argument by *Walter T. Norlin*.

GEHL, J. This is an action to quiet title to certain real estate sold on land contract, dated June 19, 1945, to "Reinhardt Neitge and wife, Clara Neitge, as joint tenants." Clara Neitge died on December 26, 1948. A petition was filed in the county court of Bayfield county for the administration of her estate, and while proceedings on such petition were pending this action was commenced on May 23, 1949.

Plaintiff asserts his claim to title as the surviving joint tenant of Clara Neitge; defendant claims as her brother and sole heir at law.

On June 8, 1949, defendants served upon plaintiff's attorneys notice that on June 18, 1949, they would "appear . . . solely and specially for the purpose of moving the court for an order setting aside the service of the summons and complaint." No basis or reason for the motion is stated in the notice nor does it indicate upon what papers, records, or proceedings the motion is made. On the same day notice of general appearance by them was served. The motion was denied on July 13, 1949.

No indication as to the grounds of defendants' motion appears in the record until September 15, 1949, when they

filed a petition reciting the court's action denying it, and that, "said motion was a special plea to the jurisdiction of the court, setting up that the question involved in the action herein was then pending before another court of competent jurisdiction, to wit, the county court for Bayfield county." The petition alleges that defendants "have at all times been ready to join issue with plaintiff on the merits of this case, but, for the aforesaid reasons, they believed issue could not be properly joined until a rule was had on their aforesaid special plea," and asks for leave to file an answer. Leave was granted on August 12, 1949.

The answer denies plaintiff's claim to title, alleges that Reinhardt and Clara Neitge were not husband and wife, that defendant Glen Severson is the sole heir at law of the deceased Clara, and that whatever interest Glen Severson may have in the real estate is as a tenant in common with the deceased.

A general demurrer to the answer was sustained on September 14, 1949.

Defendants contend that the court should not have assumed jurisdiction of the action, that the county court is, by the application of sec. 230.47(2), Stats., competent to render the plaintiff adequate relief in the premises.

Sec. 230.47(2), Stats., provides:

"An administrator or executor shall include in his inventory the interest which the decedent owned as such joint tenant [in real estate]. . . . The county court shall adjudicate in the final judgment or order for assignment regarding the termination of such joint tenancy, . . . and regarding such other facts as are essential to a full and final determination of the rights of the parties interested."

As has been pointed out, the record discloses that the matter of jurisdiction was not referred to by defendants until they asked leave to answer and after they had appeared generally in the action. The objection that some other court has

primary jurisdiction is waived by a defendant appearing generally and raising no such objection by special plea or in his answer. *Jones v. Citizens' S. & T. Co.* 168 Wis. 646, 171 N. W. 648. The answer does not raise the question of jurisdiction.

The court properly assumed jurisdiction and denied defendants' motion to dismiss the action. In any event, the order is not appealable. Sec. 274.33, Stats.

It is contended by defendants that no joint tenancy in the purchasers was created by the land contract.

Sec. 230.44., Stats., provides:

"All grants and devises of land made to two or more persons, except as provided in section 230.45, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy."

Sec. 230.45 (3), Stats., provides:

"Any deed to two or more grantees, . . . which, by the method of describing such grantees or by the language of the granting or habendum clause therein evinces an intent to create a joint tenancy in grantees shall be held and construed to create such joint tenancy."

There is nothing in sec. 230.45 (3), Stats., to bring any of its provisions within the exception referred to in sec. 230.44.

The opening recital of the contract names the purchasers as "Reinhardt Neitge and wife, Clara Neitge, as joint tenants." An intent to create a joint tenancy could not be more clearly expressed. Certainly the contract is a grant, and the recital expressly declares it to be in joint tenancy so as to make sec. 230.44, Stats., applicable. Defendants cite *Weber v. Nedin,* 210 Wis. 39, 242 N. W. 487, 246 N. W. 307, 686. There the conveyance was to husband and wife and "to the survivor of either." The court held that this language created a joint tenancy and said (p. 45):

"If the language in the deed had been 'Tomas Nedin and Sofi Nedin, his wife, as joint tenants' [the language used here], no one familiar with the language of conveyancing could have any doubt as to the intent of the parties [to create a joint tenancy]."

The case is authority against their contention. The land contract created a joint tenancy in the purchasers.

That it was found that Clara was not in fact the wife of Reinhardt Neitge when the contract was made is not material. *Weber v. Nedin, supra.*

However, we must hold that the answer was not subject to attack by demurrer and that therefore the questions presented to the trial court and to this court were not properly brought to either tribunal.

The answer denies, among other things, "that he [the plaintiff] is the owner thereof [referring to the premises]." This is a denial of a conclusion of law and as such must also be treated as the statement of a conclusion of law. But it places in issue the allegations of the complaint alleging ownership of the premises by the plaintiff. Such an allegation is sufficient to make an issue which must be determined otherwise than upon demurrer.

" 'The code permits a demurrer to an answer only when it contains new matter. A simple denial of the allegations of the complaint is not within the provision.' . . . The demurrer reaches only the statement of 'new matter constituting a defense' which is pleaded in the answer." *Selts Investment Co. v. Baireuther,* 202 Wis. 151, 153, 231 N. W. 641.

Manifestly, the denial of plaintiff's allegation that he is the owner of the premises is not new matter; it places in issue the matter of the ownership of the title to the premises, an issue which must be determined otherwise than upon demurrer.

*By the Court.*—The appeal from the order of July 13, 1949, denying defendants' motion to dismiss the action is

dismissed. The order of September 14, 1949, sustaining plaintiff's demurrer to the answer is reversed.