TOWN OF LAKELAND, Appellant, vs. STATE DEPARTMENT OF PUBLIC WELFARE, Respondent: CITY OF RICE LAKE, Intervening Respondent.

*November 4—December 1, 1953.*

For the appellant there was a brief by *Douglas & Omernik* of Spooner, and oral argument by *W. W. Bitney* of Shell Lake.

For the respondent State Department of Public Welfare there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general.

For the intervening respondent city of Rice Lake there was a brief and oral argument .by *Bruce H. Dalrymple* of Rice Lake.

BROADFOOT, J.    The petition for leave to present additional evidence before the department was denied by the trial court on the ground that it was not timely made. This procedure is covered by sec. 227.19, Stats., which provides in part as follows:

"If before the date set for trial, application is made to the circuit court for leave to present additional evidence. . . ."

The town quotes definitions of the word "trial" that indicate the word embraces both the judicial investigation and the determination of the issues before the court. Here we are concerned with a special kind of a trial, as provided for in ch. 227, Stats. This proceeding is variously referred to as a trial, a hearing, and as a review. The scope thereof is covered by sec. 227.20, Stats. Sub. (2) of sec. 227.19 makes provision for the setting of the date for trial by service of a notice. This notice had been served and the trial court had set a date, January 26, 1953. Arguments were made on that date, briefs had been filed, and the matter had been entirely presented to the court. Under the circumstances we agree that the petition for leave to present additional testimony was not timely made and the order must be affirmed.

The town next contends that the decision of the Public Welfare Department that the William Jerry family resided in the town of Lakeland from January 1, 1947, to March, 1948, was not supported by substantial evidence in view of the entire record as submitted. The words "substantial evidence in view of the entire record as submitted" as used in ch. 227, Stats. (sec. 227.20 (1) (d)), have been interpreted by this court in *Motor Transport Co. v. Public Service Comm.* 263 Wis. 31, 56 N. W. (2d) 548. The trial court made the following comment about the evidence:

"This is the type of a case where one group of witnesses testified to one fact very positively and effectively, and another group of witnesses testified to facts which are in direct conflict with the facts already testified to. So far as the evidence is concerned this is a very close case, in that there is probably about as much evidence to support one contention as there is to support the contrary contention. It might be that if this court was trying the case *de novo* and having seen all of the witnesses it might have come to a different conclusion. On the other hand, it might have come to the

same conclusion that the Department of Public Welfare did. The examiner of the department had the privilege of observing all of the witnesses and hearing them testify verbally and observing their demeanor on the stand, and although the evidence is close and there are many inconsistencies in it, from the viewpoint of both parties we cannot say that the decision of the Department of Public Welfare is not supported by substantial evidence.

"We are, therefore, of the opinion that the findings and order of the State Department of Public Welfare should be affirmed."

The town disagreed with this statement by the trial court. It insists that the record here presents a different situation and insists that the witnesses for the city made such contradictory statements that they impeached their own testimony and made it incredible. We do not find this to be so. To summarize all of the testimony and the documents introduced into the record would unduly burden this opinion. The testimony was carefully reviewed in the memorandum decision of the Department of Public Welfare. We agree with the comment by the trial court that the finding of the Department of Public Welfare is supported by substantial evidence in view of the entire record.

*By the Court.*—The order and judgment appealed from are affirmed.