SZUSZKA and others, Respondents, v. CITY OF MILWAUKEE, Appellant.

*November 28—December 29, 1961.*

For the appellant there were briefs by *John J. Fleming,* city attorney, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Odenbrett* and *Mr. Moerke.*

For the respondents there was a brief and oral argument by *Clyde E. Sheets* of Milwaukee.

CURRIE, J. The briefs filed by the parties, and the oral arguments made by counsel before this court, have been directed to the issue of whether plaintiffs are barred from prosecuting the instant action under the rule of election of remedies. The question of whether the order appealed from is appealable has not been raised. However, parties cannot, either by failure to raise the question or by consent, confer jurisdiction upon an appellate court to review an order which is not appealable. *Jaster v. Miller* (1955), 269 Wis. 223, 234, 69 N. W. (2d) 265; *Mitler v. Associated Contractors* (1958), 3 Wis. (2d) 331, 333, 88 N. W. (2d) 672.

The appealability of the instant order is controlled by the provisions of sec. 274.33, Stats. If this order is to qualify at all as appealable, it is clear that it would have to qualify as such under sub. (3) of this statute, which reads:

"When an order grants, refuses, continues, or modifies a provisional remedy or grants, refuses, modifies, or dissolves an injunction, sets aside or dismisses a writ of attachment, grants a new trial or sustains or overrules a demurrer, decides a question of jurisdiction, grants or denies a motion for stay of proceeding under sec. 262.19, determines an issue submitted under sec. 263.225, or denies an application for summary judgment, but no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies, or dissolves a provisional remedy or injunction."

An order denying a motion to dismiss is not made appealable by sub. (3) of sec. 274.33, Stats. This court was confronted with two appeals from orders which denied motions to dismiss in *Duel v. State Farm Mut. Automobile Ins. Co.* (1943), 243 Wis. 172, 9 N. W. (2d) 593. In its opinion

the court stated (p. 174) : "Had the court granted the motion to dismiss, a final order would have resulted, and there could then have been a review on appeal but that is not the case here. The orders are not appealable." See also *Neitge v. Severson* (1950), 256 Wis. 628, 42 N. W. (2d) 149; *Ovitt v. Schumekosky* (1924), 184 Wis. 618, 200 N. W. 375; *Gill v. Hermann* (1919), 168 Wis. 589, 171 N. W. 76. Likewise, an order denying a motion for judgment on the pleadings is not appealable. *St. Patrick's Congregation v. Home Ins. Co.* (1898), 101 Wis. 155, 76 N. W. 1125. Comment, 1947 Wisconsin Law Review, 422.

We have given consideration to the possibility of treating the motion as one for summary judgment because an order denying such a motion is appealable. Sec. 274.33 (3), Stats. However, there are two valid reasons why this cannot be done. First, no affidavit was filed stating that plaintiffs' action "has no merit." Such an affidavit is required by sub. (2) of sec. 270.635, and the absence of such an affidavit is fatal to a motion by a defendant for summary judgment. *Krause v. Western Casualty & Surety Co.* (1958), 3 Wis. (2d) 61, 87 N. W. (2d) 875. Second, issue must be joined before a motion for summary judgment by the defendant will be permitted. This is because sub. (2) of sec. 270.635 also requires that defendant furnish an affidavit showing "that his denials or defenses are sufficient to defeat the plaintiff." We construe the statutory words "denials or defenses" necessarily to refer to the denials or defenses of the answer.

Neither can the motion to dismiss be treated as equivalent to a demurrer to the complaint. Election of remedies is an affirmative defense which must be properly pleaded by answer. 28 C. J. S., Election of Remedies, p. 1100, sec. 28. Cf. *Lowe v. Laursen* (1930), 201 Wis. 309, 230 N. W. 75.

Therefore, by utilization of the common-law motion to dismiss, rather than well-recognized Wisconsin statutory procedure, defendant has unwittingly precluded this court from considering the merits of its defense.

*By the Court.*—Appeal dismissed.