TOWN OF ASHWAUBENON, Respondent, v. PUBLIC SERVICE COMMISSION, Appellant.

*January 8—February 6, 1962.*

For the appellant the cause was argued by *William E. Torkelson,* chief counsel, with whom on the briefs was *John W. Reynolds,* attorney general.

For the respondent there was a brief by *Davis, Soquet, Cherney & Ross,* attorneys, and *John C. Whitney* of counsel, all of Green Bay, and oral argument by *Donald E. Soquet.*

FAIRCHILD, J. If the order of the circuit court denying the motion to dismiss is not appealable, this court has no

jurisdiction to decide whether the order was correct or erroneous, and it is our duty to dismiss the appeal.[1]

The town sought judicial review of the commission's order by following the procedure prescribed in sec. 227.16, Stats., for reviews authorized by sec. 227.15. The procedure and scope of review are prescribed by secs. 227.16 to 227.20, inclusive. The remedy is referred to therein as "proceedings for review" and "proceeding for review." The procedure is entirely different from that prescribed for a civil action.

Sec. 227.15, Stats., provides that the administrative decisions to which it refers "shall be subject to judicial review as provided in this chapter; . . ." Sec. 227.21, entitled "Appeals," provides as follows:

"Any party, including the agency, may secure a review of the final judgment of the circuit court by appeal to the supreme court. Such appeal shall be taken in the manner provided by law for appeals from the circuit court in other civil cases, except that the time for appeal shall be limited to thirty days from the notice of entry of the judgment."

No other provision of ch. 227, Stats., provides for an appeal from a determination at any stage of a proceeding for review.

Although sec. 227.19 (3), Stats., authorizes a motion to dismiss based upon one of the grounds asserted by the commission in its motion, there is no provision for an appeal from an order denying the motion. Thus we have a unique remedy prescribed by a series of statutory provisions, containing specific authority for an appeal from a final judgment, but not authorizing an appeal at any other stage. The maxim *"expressio unius est exclusio alterius"* seems applicable.

---

[1] *Yaeger v. Fenske,* post, p. 572, 113 N. W. (2d) 411.

We have examined the statutes relating generally to appeals to discover whether they expressly or by clear implication authorize an appeal from an order denying a motion to dismiss a proceeding for review, notwithstanding the presence in sec. 227.21, Stats., of a provision for an appeal from a final judgment and the absence of any provision for appeal from any order.

Sec. 274.09, Stats., provides:

"(1) Appeals to the supreme court may be taken from the circuit courts unless expressly denied and also from the county courts except where express provision is made for an appeal to the circuit court and from any court of record having civil jurisdiction when no other court of appeal is provided. Appeals may be taken from interlocutory judgments.

"(2) Said right of appeal applies to final orders and judgments rendered upon appeals from or reviews of the proceedings of tribunals, boards, and commissions, and to final judgments and orders whether rendered in actions or in special proceedings without regard to whether the action or proceeding involves new or old rights, remedies, or proceedings and whether or not the right to appeal is given by the statute which creates the right, remedy, or proceeding."

The foregoing section adds no more to sec. 227.21, Stats., than authority to appeal from a final order, as well as a judgment, rendered upon review of the proceedings of a commission. Had the circuit court granted the motion to dismiss, the order would have been final, and appealable under sec. 274.09 (2) if not under sec. 227.21. But an order denying a motion to dismiss is not final.[2]

A proceeding for review under secs. 227.15 to 227.20, Stats., inclusive, is a special proceeding.[3] Sec. 274.33 (2) authorizes an appeal from a final order affecting a substantial right made in special proceedings, whether or not the

---

[2] *Szuszka v. Milwaukee,* ante, p. 241, 112 N. W. (2d) 699.

[3] *Baker v. Department of Taxation* (1947), 250 Wis. 439, 441, 27 N. W. (2d) 467.

right to appeal is given by the statute which created the proceeding. But the order here was not final.

It was suggested on oral argument that the order appealed from decided a question of jurisdiction and is therefore appealable because an order which "decides a question of jurisdiction" is one of the appealable orders listed in sec. 274.33 (3), Stats.

The order appealed from does not decide a challenge to jurisdiction over the person. As recently pointed out,[4]

"The context of the order of this court which added this type of order to the list of appealable orders suggests that the court was mainly concerned with orders deciding a question of the court's jurisdiction over the person of a defendant."

We have not held that an order deciding a challenge to jurisdiction of subject matter was thereby rendered appealable.

Sec. 274.33 (3), Stats., lists orders which are normally entered as intermediate orders in a civil action. Sub. (3) does not contain any language similar to that in secs. 274.09 and 274.33 (2) providing that the specified appeal is authorized whether or not the right to appeal is given by the statute which created the proceeding involved. Many of the orders listed in sec. 274.33 (3) relate to matters which are foreign to a proceeding for review: Provisional remedy, attachment, new trial, demurrer, and summary judgment. We find no implication that the amendment which added an order which decides a question of jurisdiction to the list of appealable orders in sec. 274.33 (3) was intended to apply to a proceeding for review under ch. 227, Stats.

Several earlier decisions require comment and qualification.

---

[4] *Alsmeyer v. Norden* (1961), 14 Wis. (2d) 451, 454, 111 N. W. (2d) 507.

In 1944, an appeal was taken to this court from an order overruling a demurrer to a petition for review of an administrative decision.[5] The order was reversed. There was no discussion of the appealability of the order, and we are of the opinion that the appeal should not have been entertained.

In 1947, this court affirmed a judgment of the circuit court reversing an administrative decision, and affirmed other orders entered in the course of the proceedings.[6] The agency had appealed from the judgment and the orders. This court acquired its jurisdiction to review the intermediate order by appeal from the judgment. Any implication that it acquired jurisdiction by the appeals from the orders is erroneous and is withdrawn.

The same statement is made concerning two other cases where there were appeals from both a judgment and an intermediate order in a proceeding for review under ch. 227, Stats.[7]

In 1959, we reversed an order of the circuit court sustaining a demurrer to a petition for review (in form of a complaint).[8] There was no discussion of the propriety of a demurrer in a proceeding for review under ch. 227, Stats.,

[5] *United Retail & Wholesale Department Store Employees v. Wisconsin E. R. Board* (1944), 245 Wis. 636, 15 N. W. (2d) 844.

[6] *Lake Superior District Power Co. v. Public Service Comm.* (1947), 250 Wis. 39, 26 N. W. (2d) 278.

[7] *Lakeland v. State Department of Public Welfare* (1953), 265 Wis. 321, 61 N. W. (2d) 477. Here the judgment appealed from affirmed an administrative decision. The intermediate order denied leave to present additional evidence before the agency. Both were affirmed. *Burk v. Commissioner of Motor Vehicles* (1959), 8 Wis. (2d) 620, 99 N. W. (2d) 726. Here the judgment appealed from set aside an administrative decision. This court reversed. The intermediate order denied the agency's motion to dismiss. We affirmed.

[8] *Wisconsin Valley Improvement Co. v. Public Service Comm.* (1959), 7 Wis. (2d) 120, 95 N. W. (2d) 767.

nor of the appealability of an order sustaining a demurrer for want of jurisdiction. The order could be considered appealable only upon the theory that, in substance it was a final order dismissing the proceeding.

In 1960, we considered an appeal from two intermediate orders entered in a proceeding for review under ch. 227, Stats., and reversed the orders.[9] The commissioner of motor vehicles revoked an operating privilege. The operator petitioned for review under ch. 227. The circuit court entered temporary orders restraining the commissioner from interfering with the driver's operating privileges and the commissioner appealed from these orders. We held that the orders were appealable under sec. 274.33 (3), Stats., because they granted an injunction. There would be a basis for a distinction as to appealability between an order enjoining or refusing to enjoin enforcement of an administrative decision and other intermediate orders in a proceeding for review under ch. 227. It will often be true that the appeal from the final judgment will be an inadequate remedy for an erroneous order granting or denying a restraining order or temporary injunction. Nevertheless, our review of the law at this time leads us to the conclusion that we were in error in holding the restraining orders appealable when entered in a proceeding for review under ch. 227. The original jurisdiction and superintending power of this court could be invoked by an application for an appropriate writ to correct such errors, but we are satisfied that the orders are not appealable when entered in a proceeding for review under ch. 227.

We are mindful of the reasons which may exist for permitting appeals from intermediate orders in an ordinary civil action. The expense and delay of a trial may be saved, or its proper direction established, by an early review of deci-

[9] *Carlyle v. Karns* (1960), 9 Wis. (2d) 394, 101 N. W. (2d) 92.

sions on matters of law, raised by demurrer or motion for summary judgment. The delay caused by the appeal may be outweighed by the avoidance of uncertainty as to the law throughout the trial. These reasons would rarely exist, if at all, in proceedings for review where the court is primarily called upon to decide issues of law based upon a record made before the agency, and trial of issues of fact is limited to alleged irregularities of procedure before the agency. In most proceedings for review there is no justification for interposing between the court's ruling on a motion to dismiss and its final judgment the delay incident to an appeal.

We conclude that there can be no appeal under the present statutory provisions from any determination in a proceeding for review under ch. 227, Stats., except from a final judgment or final order.

*By the Court.*—Appeal dismissed.