DOMBROWSKI, Respondent, v. TOMASINO and wife, Appellants.

*April 2—April 28, 1964.*

 

For the appellants there was a brief by *McCormick & Tessmer* of Milwaukee, and oral argument by *John E. Mc-Cormick* and *Henry A. Tessmer*.

For the respondent there was a brief and oral argument by *Kenneth J. Dunlap* of Milwaukee.

GORDON, J. .The order which the appellants have challenged is not an appealable one, and therefore the merits of the matter are not properly before us. The issue of appealability was not raised by the parties, but nevertheless there is applicable what this court said in *Yaeger v. Fenske* (1962), 15 Wis. (2d) 572, 573, 113 N. W. (2d) 411:

"It is the duty of this court, notwithstanding no issue has been raised by counsel, to take notice of a point which goes to the jurisdiction of this court on appeal and to dismiss the appeal on its own motion, if the order of the trial court is not an appealable order."

A similar expression was set forth by the court in *Szuszka v. Milwaukee* (1961), 15 Wis. (2d) 241, 243, 112 N. W. (2d) 699, where it was said:

"The question of whether the order appealed from is appealable has not been raised. However, parties cannot, either by failure to raise the question or by consent, confer jurisdiction upon an appellate court to review an order which is not appealable."

The appellants contended in the trial court that they were entitled to a default judgment on their counterclaim because of the plaintiff's failure to reply. The trial court's order from which this appeal is abortively taken provided as follows:

"The defendants' motion for judgment on their counterclaim is denied unless the plaintiff fails to remit said sum of $50.00 within the time specified or if he fails to file his reply within 10 days."

In effect, the trial court gave the plaintiff the option of (1) suffering the default judgment which was sought in the counterclaim or (2) avoiding such judgment by the payment of terms and the filing of a reply within a fixed period of time.

The order in question was not one which "determines the action" and prevents a judgment from which an appeal

might be taken under sec. 274.33, Stats. If the plaintiff paid the sum of $50 and also filed his reply, the case would then go to trial; if, on the other hand, the plaintiff did not do so, the defendants would be entitled to prepare a judgment from which an appeal could have been taken. It is clear, however, that the order itself does not "determine the action" and is therefore not appealable.

The order is comparable to other orders which this court has held to be nonappealable in the following cases: *State Department of Public Welfare v. LeMere* (1962), 17 Wis. (2d) 240, 116 N. W. (2d) 173; *Willing v. Porter* (1954), 266 Wis. 428, 63 N. W. (2d) 729; *Ovitt v. Schumekosky* (1924), 184 Wis. 618, 200 N. W. 375.

*By the Court.*—Appeal dismissed.