VILLAGE OF FONTANA-ON-GENEVA LAKE, Respondent, v. HOAG and others, Defendants: MILLER and others, Appellants.

*No. 199. Submitted under sec. (Rule) 251.54 January 5, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 680.)

212

For the appellants the cause was submitted on the brief of *William H. Freytag* of Elkhorn.

For the respondent the cause was submitted on the brief of *Morrissy, Morrissy & Race* of Elkhorn.

HEFFERNAN, J.  The appellants attack the propriety of the procedure followed by the trial judge in granting summary judgment and in conducting a trial. They claim that they left the pretrial conference anticipating a subsequent trial of the issues and were surprised when, approximately two months later, the trial court issued its order for summary judgment.

We conclude that, on the basis of the record before us, the entry of the order was improper, and the order and subsequent judgment must be vacated.

Although the decision was denominated by the trial judge as one on summary judgment, it is apparent that the summary judgment proceedings were not followed, and the prerequisite procedural steps to invoke the trial court's jurisdiction to enter summary judgment were followed by none of the parties.

Sec. 270.635, Stats., details the procedure on summary judgment. Sub. (1) of that statute makes summary

judgment available only when a motion for summary judgment and supporting affidavits are served within forty days after issue is joined. In the instant case, issue was joined more than two years prior to the judge's order. Summary judgment was not available in this proceeding. None of the motions or affidavits required by sec. 270.635 was ever served upon the opposing parties.

We have pointed out that summary judgment is a drastic remedy which, if granted, deprives the parties of a trial. Only if the statutory procedures and the statutory affidavits have been filed can a litigant be deprived of his constitutional right to try the issues of fact. *Szuszka v. Milwaukee* (1961), 15 Wis. 2d 241, 245, 112 N. W. 2d 699; *Krause v. Western Casualty & Surety Co.* (1958), 3 Wis. 2d 61, 65, 87 N. W. 2d 875; *Fuller v. General Accident Fire & Life Assur. Corp.* (1937), 224 Wis. 603, 610, 272 N. W. 839.

While the village admits that none of the statutory procedures for summary judgment were followed, it nevertheless contends that the procedure was proper because the parties stipulated at the pretrial conference to the procedure employed by the trial court. The village contends that the parties agreed that the trial could be conducted on a bifurcated basis, with the trial judge to decide as a matter of law, on the basis of the documents agreed to at the pretrial conference, the state of the title as of 1890.

We, of course, agree that, where facts are not in dispute, the trial judge can make a decision without the necessity of trial. Assuming the facts to be as contended by the village, it would not be unreasonable or improper for the trial judge to make a decision; and if it were considered appropriate and agreed to by the parties, the trial could be bifurcated in the sense that undisputed matters could be submitted to the judge for disposition, while contested issues would be resolved only after a trial.

The problem, however, with the village's contention is that no such stipulation appears anywhere in the record. On the contrary, much of the record of the pretrial conference indicates that evidentiary matters were in dispute and could be resolved only at trial. The record as originally prepared and approved by the trial court makes no reference to any stipulation which could result in the deprivation of a trial and the procedure that followed. However, an order signed by the trial judge was filed on September 29, 1971, which purported to supplement the record. That order stated:

"Upon motion made by the plaintiff and upon the record and memory of the court:
"It is Ordered:
"1. . . .
"2. That the notes and minutes of the pretrial be amended to conform to the truth by the addition of the following:
"A. 'It was stipulated by counsel for the parties that the issues be decided on a bifurcated basis and the court would determine after the submission of briefs the state of the title to the road in question as of 1890 by the acceptable evidence offered.' "

While it is very possible that the stipulation remembered by the judge was in fact agreed to by the parties, the amendment to the record on what was apparently an *ex parte* motion by the plaintiff failed to satisfy the requirements for a binding stipulation set forth in sec. 269.46 (2), Stats.:

"No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney."

*Czap v. Czap* (1955), 269 Wis. 557, 560, 69 N. W. 2d 488, held that the "minutes" referred to in the statute

are the entries made by the reporter in his transcript. No stipulation appears in the reporter's transcript, nor does any other stipulation appear of record. This court, moreover, has frequently held that any action taken at a pretrial conference which is intended to bind the parties in the subsequent course of an action must be incorporated into the pretrial order.

Sec. 269.65 (2), Stats., provides:

"When any action is taken at the conference, the court shall make an order which recites the amendments allowed to the pleadings, the agreements made by the parties as to any of the matters considered, and any other action taken; and such order, when entered, shall control the subsequent course of the action . . . ."

No pretrial order was ever entered. While there appears in the record an unidentified and unsigned document filed on May 10, 1971, which purports to set forth evidentiary matters agreed upon at the pretrial conference, it contains no mention of any agreement or stipulation concerning a summary procedure to be subsequently employed for the resolution of the lawsuit. In addition, it specifically identifies evidentiary matters to be argued at trial.

In *Klitzke v. Herm* (1943), 242 Wis. 456, 463, 8 N. W. 2d 400, this court discussed the proper procedures to be followed at a pretrial conference and stated:

"A pretrial conference is not a part of the trial, that is, the court is not to take up and decide issues presented by the pleadings as to which counsel have not agreed. In the pretrial conference an effort is made to have the parties agree as to the disposition of some of the issues. Those issues not disposed of by agreement must be disposed of upon the trial and it is these issues which the pretrial judge is to embody in his order."

A somewhat similar problem was confronted by the court in *Urban v. Trautmann* (1946), 249 Wis. 264, 24

N. W. 2d 619. In that case the appellant objected that he had been deprived of a trial and only a pretrial conference had been held. The trial court's judgment and findings of fact recited that the attorneys had stipulated to the facts in open court and that the judge had taken the minutes of such stipulation. The judge, moreover, stated that the parties had expressly waived the taking of a stipulation by the court reporter. In that case, there was no record or transcript, and the only question before the court was whether the findings might support the judgment. Having no transcript, this court declined to review the defendant's contention. In the instant case, the transcript is before us and fails to reveal a stipulation.

While there is much in the record to indicate that the plaintiff and the judge may have thought the stipulation was agreed upon, the record does not reveal such stipulation, and we conclude that the waiver of the valuable right to trial and a willingness to proceed in a summary manner can only be upheld where the record makes it absolutely clear that such was the intent of the parties.

The confusion in this record demonstrates the wisdom of this court's admonition in *Zelof v. Capital City Transfer, Inc.* (1966), 29 Wis. 2d 384, 392, 139 Wis. 2d 1, that a proper record of the pretrial conference should be held and that record should include any stipulations that are agreed to by the parties. *See also: Schneck v. Mutual Service Casualty Ins. Co.* (1963), 18 Wis. 2d 566, 572, 119 N. W. 2d 342. To avoid confusion, it is necessary that the trial court enter the pretrial order dictated by sec. 269.65 (2), Stats.

We do not pass upon the merits of the trial judge's decision, since we conclude that the case was not in a posture for decision. While, on the state of the facts then before him, the trial court's decision and order might well be correct, the appellants have demonstrated

that the pretrial conference left matters unresolved that had to be determined prior to the rendering of a decision. Accordingly, the order for summary judgment, findings of fact and conclusions of law, and the judgment that followed are vacated and the cause is remanded to the trial court for further pretrial conferences, if necessary, and such other proceedings as may be appropriate.

*By the Court.*—Order and judgment vacated, and cause remanded for further proceedings consistent with this opinion.