93 Wis.2d 671 (1980)
287 N.W.2d 779
Barbara A. WILHARMS, Plaintiff-Respondent,
v.
William L. WILHARMS, and wife, Defendants-Appellants.
No. 77-267.
Supreme Court of Wisconsin.
Submitted on briefs January 9, 1980.
Decided February 7, 1980.
*672 For the appellants the cause was submitted on the brief of Allan Cain and Mary Lou Robinson, both of Appleton.
For the respondent the cause was submitted on the brief of Richard Rowland, Edward R. Bollenbeck and Bollenbeck, Block, Froehlich & Seymour, S.C., of Appleton.
DAY, J.
This is an appeal from a judgment imposing a constructive trust on the proceeds of three life insurance policies for the benefit of the decedent's widow, where the decedent changed the beneficiary designation on the life insurance policies from his wife, as primary beneficiary, and child, as contingent beneficiary, to his parents while a temporary order of a family court commissioner was in effect which restrained both the husband and wife from "Molesting & Disposing of Assets"[1] pending the outcome of a divorce proceeding.
Two issues are raised on this appeal:
*673 1. Was there a stipulation between the parties, drawn in accordance with the rules of civil procedure, sufficient to allow the trial court to decide the case without a trial?
2. Can a constructive trust be imposed upon the proceeds of life insurance by showing, without more, that the husband violated the family court commissioner's order in a divorce proceeding by changing the beneficiary designation in the policies from his wife to his parents?
[1]
We conclude that both questions must be answered in the negative and we accordingly reverse and remand for trial.
Barbara and Dennis Wilharms were married in April, 1968. During their marriage, one child was born. Barbara Wilharms commenced a divorce action in the Outagamie County Court on October 3, 1975. Both parties were present with their attorneys on October 8, 1975, when the family court commissioner issued a temporary order restraining either party from disposing of assets except in the usual and ordinary course of business. The temporary order made no reference to life insurance policies owned by either party. However, this court held in Prince v. Bryant, 87 Wis.2d 662, 671, 275 N.W.2d 676 (1979), that a temporary order which refers generally to the property of the parties includes life insurance policies.
At the time that the family court commissioner issued the temporary order, Dennis Wilharms owned three policies of life insurance issued by the Aid Association for Lutherans. The cash value of the policies immediately prior to death was $800, and the aggregate value of the proceeds of the insurance after death was $26,953.59. One policy was issued prior to the marriage in the sum of $1,000. The other two were taken out during marriage.
*674 On October 28, 1975, Dennis Wilharms executed a change of beneficiary form, removing Barbara Wilharms as first beneficiary and "children" as second beneficiary. He substituted William L. Wilharms and Eva M. Wilharms, his parents, as the beneficiaries.
The defendants allege in their answer that if their deceased son did take his own life it was brought about because of the conduct of his wife. The record shows that Dennis Wilharms committed suicide on December 18, 1975, while the temporary order of the family court commissioner was still in effect.
Barbara Wilharms instituted this suit in April, 1976, against William and Eva Wilharms and the Aid Association of Lutherans seeking a declaration of the respective rights of the parties to the proceeds of the insurance and an order compelling the insurance company to pay the proceeds over to her. The proceeds from the insurance were deposited with the court and the insurance company was dismissed from the lawsuit. Although Barbara Wilharms alleged that the defendants exerted undue influence on the decedent to procure the change in beneficiaries, there is no evidence or stipulation in the record supporting this claim.
Judgment was rendered in favor of Barbara Wilharms, the trial judge concluding that the violation of the temporary order of the family court commissioner by Dennis Wilharms provided a sufficient basis for imposing a constructive trust in favor of the wife.

I. Was there a stipulation between the parties, drawn in accordance with the Rules of Civil Procedure, sufficient to allow the trial court to decide the case without a trial?

No trial was held in this case. Neither was a summary judgment motion filed. The county court issued its decision on July 14, 1977, based on briefs submitted by the *675 parties and the judgment was dated July 19, 1977. Although the judgment states that the case was submitted to the court on "agreed facts," the record is not clear as to what agreements and stipulations were made by the parties. The order setting the date for a pretrial conference was issued on October 11, 1976, and stated that the trial date would be set at the pretrial conference. On the back of a sheet of paper from the file on this case are found, what appears to be, notes by the trial judge regarding an agreement by the parties as to the facts "other than undue influence issue." These notations are not signed although the date November 3, 1976, is stamped next to the writing. In addition, the county judge by affidavit dated January 20, 1978, six months after the judgment, stated that it was agreed by the parties that the issues raised in the case could be decided on facts agreed upon after briefs were submitted by both parties.
The impropriety of this attempted summary action is shown by reference to sec. 807.05, Stats. 1975, and this court's decision in Village Of Fontana-On-Geneva Lake v. Hoag, 57 Wis.2d 209, 203 N.W.2d 680 (1973).
Sec. 807.05, Stats., provides:
"807.05. Stipulations. No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court and entered in the minutes or recorded by the reporter or made in writing and subscribed by the party to be bound thereby or the party's attorney."
This provision is explicit and requires that in order for any agreement or stipulation between the parties to be binding it must be made in court and entered in the minutes; recorded by the court reporter; or made in writing and subscribed by the party or the party's attorney who is to be bound. None of these requirements have been met in this case. There is no written stipulation in *676 the record. The affidavit of the trial judge may be correct as to what was agreed upon at the conference, but the agreement should have been recorded. A pretrial order, if made, is not in the record.
In Village Of Fontana-On-Geneva Lake v. Hoag, supra, the trial judge conducted a pretrial conference and then issued an opinion entitled "Decision On Motion For Summary Judgment." The pretrial conference in that case was recorded by the court reporter. There had been no motion for summary judgment filed. The trial judge in his findings of fact and conclusions of law recited that the parties stipulated that the court should render its judgment upon stipulated facts and documents. This court held that on the basis of the record, the entry of the order and judgment was improper, and this court declined to review the merits of the trial court's decision, concluding that the case was not in an appropriate posture for review. 57 Wis.2d at 217.
[2]
Where the facts are not in dispute, the trial judge can make a decision without the necessity of a trial. However, an appropriate stipulation or record, made in accordance with statutory procedures, must be prepared. In Village Of Fontana-On-Geneva Lake v. Hoag, there was "much in the record" to indicate that the parties thought the stipulation was agreed upon. This court nevertheless concluded ". . . that the waiver of the valuable right to trial and a willingness to proceed in a summary manner can only be upheld where the record makes it absolutely clear that such was the intent of the parties." 57 Wis.2d at 217.
There have been repeated admonishments by this Court that a proper record of the pretrial conference should be made and that the record should include all stipulations agreed to by the parties. This is the only way to avoid the kind of confusion that is apparent in this record. Village Of Fontana-On-Geneva Lake v. *677 Hoag, 57 Wis.2d at 217; Zelof v. Capital City Transfer, Inc., 29 Wis.2d 384, 392, 139 N.W.2d 1 (1966); see, Schneck v. Mutual Service Cas. Ins. Co., 18 Wis.2d 566, 572-573, 119 N.W.2d 342 (1963); Schmidt v. Schmidt, 40 Wis.2d 649, 653, 162 N.W.2d 618 (1968).

II. Can a constructive trust be imposed upon the proceeds of life insurance by showing, without more, that the husband violated the family court commissioner's order in a divorce proceeding by changing the beneficiary designation in the policies from his wife to his parents?

Although we do not consider the merits of the trial court's decision to be in an appropriate posture for review, we direct the parties' attention on remand to the recent decision of this court in Prince v. Bryant, 87 Wis.2d 662, 275 N.W.2d 676 (1979).
The facts of this case parallel closely those presented in Prince v. Bryant. Cleon and Marie Prince were in the process of obtaining a divorce when Cleon Prince was shot and killed. Pending the final divorce, the family court commissioner issued a temporary order which provided that both parties were restrained from "disposing of or encumbering any of his or her or their property." The order did not refer specifically to life insurance policies. At the time the temporary order was issued, the husband owned two life insurance policies naming his wife as beneficiary. While the order was in effect he changed the policy beneficiary to his sister. As part of the divorce proceedings, the parties entered into a property settlement stipulation which made no reference to life insurance policies. The county court on summary judgment ruled that a constructive trust in favor of the wife should be imposed on the proceeds of the insurance policies.
*678 Given the facts of that case, this court concluded that the extent to which a constructive trust might be imposed upon the insurance proceeds could only be determined after an evidentiary hearing and careful equitable consideration of all relevant factors. Prince v. Bryant, 87 Wis.2d at 673. This court held that the trial court abused its discretion in imposing a constructive trust on the entire proceeds of the insurance contract solely on the grounds that the deceased, mistakenly or otherwise, violated the general terms of the temporary order.
This court reasoned that the temporary order is designed to maintain the status quo pending a final resolution of respective property interests. It is not intended to be the ultimate determination of the property rights of the parties. Thus, the situation presented in Prince, and likewise here, is distinguishable from cases in which the change of beneficiary was made in violation of a final order of a court to maintain insurance for the benefit of particular individuals. Those cases were based on the premise that a court order had already determined that the insurance was property that belonged to the parties who sought the constructive trust. Estate of Boyd, 18 Wis.2d 379, 118 N.W.2d 705 (1963); Richards v. Richards, 58 Wis.2d 290, 206 N.W.2d 134 (1973). In the case at bar, there has been no determination of the ownership rights in the insurance proceeds.
Thus, the question on remand is whether, given all relevant facts at the court's disposal, the requirements for the establishment of a constructive trust as to any part of the insurance proceeds have been met.
[3, 4]
The constructive trust is an equitable device created by law to prevent unjust enrichment, which arises when one party receives a benefit, the retention of which is unjust to another. Richards v. Richards, 58 Wis.2d at 296-297; Hanson v. Valdivia, 51 Wis.2d 466, 476, 187 N.W.2d 151 (1971). A constructive trust will be imposed only in *679 limited circumstances. The legal title must be held by someone who in equity and good conscience should not be entitled to beneficial enjoyment. Title must also have been obtained by means of actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or by any form of unconscionable conduct. Gorski v. Gorski, 82 Wis.2d 248, 255, 262 N.W.2d 120 (1978); Prince v. Bryant, 87 Wis.2d at 667.
[5]
It is not necessary that the person against whom the constructive trust is to be imposed be a wrongdoer or know of the wrongdoing initially. If the other elements for imposing a constructive trust have been satisfied, and the holder of the legal title is not a bona fide purchaser, a constructive trust may be imposed. Richards v. Richards, 58 Wis.2d at 298-299; Prince v. Bryant, 87 Wis.2d at 668; Meyer v. Ludwig, 65 Wis.2d 280, 289, 222 N.W.2d 679 (1974).
"`Where a person holding property transfers it to another in violation of his duty to a third person, the third person can reach the property in the hands of the transferee [by means of a constructive trust] unless the transferee is a bona fide purchaser.'" Richards v. Richards, 58 Wis.2d 290, 298, quoting from A. Scott, 5 Law Of Trusts, p. 3444 (3d ed. 1967).
The question on remand therefore is whether the parents of Dennis Wilharms were unjustly enriched by their own or their son's wrongful conduct. The wrongful conduct must be such that Barbara Wilharms was deprived of property which in equity and good conscience belonged to her.
[6, 7]
As a beneficiary of her husband's life insurance policy, Barbara Wilharms had a property interest in the policy. Spalding v. Williams, 275 Wis. 394, 399, 82 N.W.2d 187 (1957); Prince v. Bryant, 87 Wis.2d at 672. The change of beneficiary designation disposed of his wife's interest *680 in the policy, and therefore violated the order. But this act is not sufficiently unconscionable or wrongful, to warrant the imposition of a constructive trust on the proceeds of the policies. The temporary order made no mention of life insurance. It is possible that Dennis Wilharms believed that he was acting properly.[2] Even so, if it can be shown that he changed beneficiaries in the policies in order to defraud, or otherwise unconscionably deprive his wife of the policy proceeds, then his actions may warrant the imposition of a constructive trust if the other elements for its imposition have been met. In making this determination, the court should also consider the potentially wrongful conduct of third parties. For example, it has been alleged that the parents of Dennis Wilharms exerted undue influence[3] upon him in order to procure a change in the beneficiary designation in the policy.
Wrongful conduct, however, is not sufficient standing alone. Barbara Wilharms must also demonstrate that the property sought to be imposed with a constructive trust equitably belongs to her. As the court in Prince v. Bryant noted, if a final divorce had been granted prior to the husband's death, the final disposition of the marital estate may have granted the policy ownership to the husband. There was no guarantee, that had the divorce been *681 finalized, that the wife would have been retained as the beneficiary.
A number of factors, none of which are conclusive standing alone, become relevant to this determination upon remand. Consideration must be given to the ultimate distribution of the marital estate after the death of the insured spouse. This would include property obtained by the wife by will, intestacy, other life insurance, rights of survivorship, or any other means. The court should also consider the debts incurred during marriage for which the surviving spouse remained liable. Another potential factor is the likelihood that the deceased spouse would have been liable for maintenance payments.[4] The surviving spouse's conduct prior to the commencement of the divorce action would be relevant as well. Ordinarily, the welfare of any children born of the marriage who were intended to have benefited from the proceeds of the policy should also be considered. In this case, however, the action was not brought on behalf of the child so this factor would not be relevant.
The court may also take into account other factors brought to its attention by the parties relating to the equity of the distribution. It may then make an apportionment of the proceeds, granting or denying a constructive trust as to all or a part of the property.
By the Court.  Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.
NOTES
[1] Phraseology from printed form used by family court commissioner.
[2] Mistake as a grounds for the imposition of a constructive trust applies where property is conveyed to someone who was not intended to receive the property by the donor; or where the donor mistakenly believes that the recipient is legally entitled to the property conveyed. There may be a mutual mistake which both parties share, or a unilateral mistake. It may also refer to a mistake arising when property is not conveyed which the grantor intended to convey. A. Scott, 5 Law of Trusts, secs. 465-467 (3d ed. 1967). The assertion of mistake as a basis for imposing a constructive trust would not be warranted on the facts of this case.
[3] Undue influence means conduct by the transferee or another which constitutes such domination over the will as to destroy the transferor's power of independent action. Bogert, Law Of Trusts, sec. 80 (5th ed. 1973).
[4] Sec. 247.26, Stats. 1977.