Kenneth A. HENDRICKS, and Gilbert D. Sedor,
Plaintiffs-Respondents-Cross Appellants,

v.

M.C.I., INC., Defendant-Appellant-Cross Respondent,

Donald K. EMERSON, Trax Complex, Inc., Gates
Lumber Co., Inc. of Janesville, Otis Elevator Company,
Jane Murray, Michael E. Kepler, Trustee of Trax Complex, Inc., Floyd Kowal, d/b/a Modern Tile & Lumber
Village, and United States of America, Internal
Revenue Service, Defendants.

Court of Appeals

*No. 89-0440. Submitted on briefs July 3, 1989.—Decided
September 21, 1989.*

(Also reported in 448 N.W.2d 289.)

For the appellant-cross respondent the cause was submitted on briefs of *Nowlan and Mouat* by *Richard E. Rosenberg,* of Janesville.

For the respondents-cross appellants the cause was submitted on briefs of *Sedor & Hoag, S.C.,* by *Gilbert D. Sedor,* of Janesville.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J.   M.C.I., Inc., appeals from a judgment denying its application for the proceeds of a fire insurance policy covering property in which it held a land contract vendee's interest. The vendor insured the property for an amount in excess of that due under the contract, and the issue is whether MCI has established a right to have a constructive trust imposed on the "excess" proceeds for its own benefit, or whether the vendor may retain them. We conclude that MCI has shown no entitlement to the disputed funds and affirm the judgment.

Kenneth Hendricks and Gilbert Sedor (collectively "Hendricks") sold the property to Donald Emerson on a land contract. The contract required the vendee to provide fire insurance for the building on the property in the amount of $60,000, the balance due on the contract. Emerson never obtained the insurance and eventually assigned his vendee's interest in the contract to a third party who in turn assigned it to MCI. MCI never insured the property either, despite being advised by Hendricks on several occasions that the building and its contents were uninsured.

At some point, Hendricks purchased $200,000 worth of fire insurance for the property. Less than a year later

the building was destroyed by fire, and the insurer paid Hendricks the policy limit of $200,000. Hendricks applied $60,000 to the unpaid principal and interest due on the contract and retained the balance.

Sometime thereafter, Hendricks commenced foreclosure proceedings. Defending the action, MCI argued that the trial court should impose a "constructive trust" on the excess insurance proceeds over and above the amount due on the land contract and direct that they be paid to MCI. The court declined to do so, ruling that MCI had no claim to the proceeds. The court also held that Hendricks, having been paid in full for his loss, had a duty to deed the property to MCI. MCI appealed the first ruling and Hendricks cross-appealed the second.[1]

Whether facts fulfill a particular legal standard—in this case, whether the facts warrant imposition of a constructive trust on the insurance proceeds—is a question of law. *Suburban Motors of Grafton v. Forester,* 134 Wis. 2d 183, 189, 396 N.W.2d 351, 353 (Ct. App. 1986). We review such questions independently, without deference to the lower court's decision or its reasoning. *Id.*

A constructive trust is an equitable device created by law to prevent unjust enrichment—the receipt of a benefit by one party, the retention of which is unjust to another. *Watts v. Watts,* 137 Wis. 2d 506, 533, 405 N.W.2d 303, 315 (1987). A constructive trust will be imposed only in limited circumstances. One seeking its imposition must not only establish the elements of unjust enrichment but also that the benefit to the other

---

[1]Hendricks appears to have abandoned the cross-appeal, stating in his reply brief that he does "not have any strong objection to the Court affirming the trial Court's decision in toto, including the portion awarding the land to M.C.I."

party was obtained or retained by means of actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or other unconscionable conduct. *Wilharms v. Wilharms,* 93 Wis. 2d 671, 678–79, 287 N.W.2d 779, 783 (1980).

MCI failed to establish its entitlement to a constructive trust. MCI's position is, in sum, that Hendricks was unjustly enriched by a "windfall" of approximately $140,000 when he received $200,000 in insurance proceeds at a time when the balance remaining on the contract was approximately $60,000. MCI does not argue that Hendricks obtained or retained the insurance proceeds through any form of unconscionable conduct.

■■■■■

The supreme court has consistently held that proof of unjust enrichment is not sufficient in itself to invoke the doctrine of constructive trust—the additional factor of unconscionable conduct must also be proved.[2] *First Nat. Bank of Appleton v. Nennig,* 92 Wis. 2d 518, 539, 285 N.W.2d 614, 625 (1979). MCI has not met its burden of proof on this issue.

MCI argues that it is nonetheless entitled to a constructive trust over the policy proceeds under two statutes. The first, sec. 706.12(1)(b), Stats., provides that:

> If, when either the legal title or the possession of the subject matter of the contract has been transferred, all or any part thereof is destroyed without fault of the vendor . . . the purchaser is not thereby relieved from a duty to pay the price, nor is he [or she] entitled to recover any portion thereof that he [or she] has paid.

---

[2]Because MCI has failed to prove the second element of a constructive trust, we need not decide whether, on these facts, Hendricks was unjustly enriched.

We do not see—and MCI has not suggested—how this statute creates a constructive trust or otherwise gives MCI any interest in the insurance proceeds. Its argument is sketchy and undeveloped, and we need not consider it further. *Herman v. Milwaukee Children's Hospital,* 121 Wis. 2d 531, 553, 361 N.W.2d 297, 306 (Ct. App. 1984).

MCI also contends that sec. 631.07(4), Stats., gives it a claim to the proceeds. That statute provides:

> EFFECT OF LACK OF INSURABLE INTEREST . . .. No insurance policy is invalid merely because the policyholder lacks insurable interest . . . but a court . . . may order the proceeds to be paid to someone other than the person to whom the policy is designated to be payable, who is equitably entitled thereto, or may create a constructive trust in the proceeds or a part thereof . . ..

First, MCI has failed to cite any authority suggesting that Hendricks lacked an insurable interest in the property. Moreover, the extent of Hendricks' insurable interest is a matter to be resolved between himself and his insurer. Second, as to MCI's suggestion that it is equitably entitled to the proceeds, it is well settled that one seeking affirmative equitable relief must have "clean hands" before the court will entertain his or her plea. *S & M Rotogravure Service, Inc. v. Baer,* 77 Wis. 2d 454, 466, 252 N.W.2d 913, 918-19 (1977). This means that an applicant will be denied relief if it appears that the predicament of which he or she complains is the result of his or her own wrongful or unlawful course of conduct. *Security Pac. Nat. Bank v. Ginkowski,* 140 Wis. 2d 332, 339, 410 N.W.2d 589, 593 (Ct. App. 1987).

MCI concedes that the land contract required the vendee to provide fire insurance for the property and

that MCI knowingly declined to protect its own interests, as assignee, by doing so. Thus, allowing MCI to claim even the "excess" proceeds of Hendricks' insurance would reward it for the willful violation of the terms of the contract. Under these circumstances, the trial court could properly conclude, as it did, that equity will not relieve MCI of the results of its own actions.

*By the Court.*—Judgment affirmed.