Kenneth J. MURRAY, Plaintiff-Appellant,

v.

CITY OF MILWAUKEE, Defendant-Respondent.

Court of Appeals

*No. 01–0106. Submitted on briefs October 5, 2001.—Decided February 28, 2002.*

2002 WI App 62

(Also reported in 642 N.W.2d 541.)

613

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John F. Fuchs* and *Marcia A. Snow* of *Fuchs Snow DeStefanis, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Rudolph M. Konrad*, deputy city attorney, and *Grant F. Langley*, city attorney, Milwaukee.

Before Vergeront, P.J., Dykman and Lundsten, JJ.

¶ 1. VERGERONT, P.J. In this action, Attorney Kenneth Murray seeks payment from the City of Milwaukee for legal services he provided to City of Milwaukee Police Department (MPD) officers in connection with citizen complaints filed against them. The trial court dismissed Murray's amended complaint, granting summary judgment in favor of the City of Milwaukee. We conclude the complaint does not state a claim for relief under Wis. Stat. § 895.35 (1999–2000)[1] because that statute does not provide a cause of action for the payment of attorney fees. We also conclude that Murray's complaint does not state a claim for relief under theories of equitable estoppel, unjust enrichment, or quantum meruit. We therefore affirm.

## BACKGROUND

¶ 2. The relevant allegations in the complaint are as follows. Murray has served as legal counsel for the Milwaukee Police Association for more than twenty

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

years, and in that capacity he represented police officers in numerous legal proceedings. He successfully defended Officers John Balcerzak and Joseph Gabrish when a citizen complaint was filed against them in 1991, and the conclusion of that proceeding was reinstatement of both officers. It is the practice and policy of the City of Milwaukee, when a citizen complaint is brought against an MPD officer, to reimburse attorney fees and costs incurred by the officer in connection with the defense of the complaint, and, in Murray's experience, the City has always paid officers' attorney fees in these proceedings. In representing the two officers, Murray relied on this practice and policy.

¶ 3. According to the amended complaint, in 1995 Murray filed a claim with the City for reimbursement of attorney fees and costs incurred in representing the two officers in the amount of $318,448. At a meeting of the City of Milwaukee's Special Judiciary and Legislative Committee held approximately a month later, the city attorney proposed paying the claim, although in a lower amount. There was concern among some committee members about the public's perception that the officers would be "profiting," and they wanted to determine whether the check could be made payable to the officers' attorney only. Although the committee tabled the matter for a future meeting, Murray relied on the discussion at the meeting as an indication that he would eventually receive payment. However, he has not been paid by the City.

¶ 4. Murray's amended complaint asserted that Wis. Stat. § 895.35 authorized payment of his fees. The complaint also asserted causes of action for equitable estoppel, unjust enrichment, and quantum meruit.

¶ 5. The City moved to dismiss the amended complaint on the grounds that it did not state any claim for

relief. Because both parties submitted affidavits in support of their positions, the trial court treated the motion as one for summary judgment.[2] The trial court concluded that under *Bablitch & Bablitch v. Lincoln County*, 82 Wis. 2d 574, 263 N.W.2d 218 (1978), and *Rychnovsky v. Village of Fall River*, 146 Wis. 2d 417, 431 N.W.2d 681 (Ct. App. 1988), Murray did not have a cause of action under WIS. STAT. § 895.35. The court also ruled that the affidavits did not show an abuse of discretion by the City and, alternatively, that the remedy against the City for abusing its discretion or acting outside of its jurisdiction was to bring a writ of certiorari, which Murray had not done. The court concluded that Murray did not have a claim based on equitable estoppel, both because equitable estoppel does not lie against a municipality for statements made by municipal officials and because there was no showing the City had taken any action to induce reliance by Murray. Finally, the court concluded that Murray did not have a claim based on unjust enrichment or quantum meruit because there was no showing that a benefit had been conferred upon the City.

## DISCUSSION

¶ 6. On appeal Murray argues that the City erroneously exercised its discretion by failing to pay his attorney fees, that the City is equitably estopped from

---

[2] WISCONSIN STAT. § 802.06(2)(b) provides:

(b) .... If on a motion asserting the defense described in par. (a) 6. to dismiss for failure of the pleading to state a claim upon which relief can be granted, ... matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in s. 802.08, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by s. 802.08.

denying his claim for fees, and that he is entitled to payment of his fees under the theories of unjust enrichment and quantum meruit.

¶ 7. When we review a trial court's decision on summary judgment, we apply the same methodology as the trial court and our review is de novo. *See Grams v. Boss*, 97 Wis. 2d 332, 338, 294 N.W.2d 473 (1980). A party is entitled to summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). We begin the analysis by deciding whether the complaint states a claim for relief, because it is only if the complaint does so that we move on to examine the parties' factual submissions. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). In deciding whether a complaint states a claim for relief, we take as true all facts pleaded and all reasonable inferences favoring the plaintiff that may be derived from these facts. *Id.* at 317.

¶ 8. We first address Murray's claim that the City erroneously exercised its discretion under Wis. Stat. § 895.35 by failing to pay him for his representation of the two officers. Section 895.35 provides in part:

> **Expenses in actions against municipal and other officers.** Whenever in any city . . . charges of any kind are filed or an action is brought against any officer thereof in the officer's official capacity . . . and such charges or such action is discontinued or dismissed or such matter is determined favorably to such officer, or such officer is reinstated . . . such city . . . *may* pay all reasonable expenses which such officer necessarily expended by reason thereof.

(Emphasis added.) Murray concedes that because of the

619

use of the word "may" in § 895.35, the City is not required to pay attorney fees. However, he argues that the discretion given the City is not absolute and must be exercised reasonably and equitably. Murray contends that the affidavits and other factual submissions he filed in opposition to the City's motion show that the City did not appropriately exercise its discretion because it routinely paid the attorney fees for officers who retained private counsel to successfully defend against charges stemming from a citizen complaint, and because the motivation for the committee's failure to act on his claim for fees was "political."[3] We conclude it is unnecessary for us to consider the City's reasons for failing to pay the fee claim because, regardless of the reasons, the complaint does not state a claim for relief under § 895.35.

---

[3] In particular, Murray contends that his submissions show that the committee was concerned with how the public might perceive a decision to pay the attorney fees for the two officers because the proceedings against them arose out of their investigation of a report concerning a young man who shortly thereafter became one of the victims of the serial killer, Jeffrey Dahmer. The City contends that its submissions show that the officers did not achieve a favorable result because they had pleaded guilty before the Milwaukee Board of Police & Fire Commissioners to certain rule violations and had served a sixty-day suspension. According to the City, its submissions also show that the City had already paid $850,000 to settle cases against the two officers and the City, and these reasons provide a rational basis for the decision not to pay the officers' attorney fees for Murray's representation. For the reasons we explain above, it is not necessary for us to consider either party's affidavits in order to resolve this appeal.

¶ 9. In *Bablitch & Bablitch*, 82 Wis. 2d at 584, the court affirmed an order dismissing the complaint of a sheriff and his lawyer seeking attorney fees. The complaint alleged that the sheriff had presented the claim for attorney fees to the county and the county refused payment. After addressing certain other statutes as potential sources of entitlement to payment of the attorney fees, the court considered Wis. Stat. § 895.35. The court concluded that the county was "empowered under sec. 895.35, Stats., to pay [the sheriff's] attorney's fees and costs if it so elects." *Id.* at 584. However, it also concluded that the statute "gives the county the option to refuse payment." *Id.* Because the county exercised its option, the sheriff had no cause of action against the county, and the demurrer was properly sustained by the trial court. *Id.*[4]

¶ 10. We applied the holding in *Bablitch & Bablitch* in the later case, *Rychnovsky*. There we agreed with a municipality that the trial court had erred in ordering it to pay a police chief's attorney fees, stating:

> The trial court relied on sec. 895.35, Stats., for its award. However, the supreme court has construed this statute to allow a municipality or county to pay an

---

[4] The court in *Bablitch & Bablitch v. Lincoln County*, 82 Wis. 2d 574, 584–85, 263 N.W.2d 218 (1978), observed that it did not know what reasons prompted the county board to decline payment of the claim, but, because the decision might have been prompted by an erroneous conclusion that the Wisconsin Constitution prohibited payment (this was the first issue the court addressed in the case), the court directed that the sheriff be permitted to refile his claim so that the county board could render a decision in light of the opinion. However, it is clear from the decision that if the county board were to deny the claim while understanding that it had statutory and constitutional authority to pay it, the sheriff would have no cause of action against the county for the failure to pay after refiling.

officer's attorney fees if it so elects. If the municipality refuses payment, the officer has no cause of action against it under sec. 895.35.

*Rychnovsky*, 146 Wis. 2d at 424 (citations omitted).

¶ 11. Since neither Murray nor the officers he represented have a cause of action against the City for attorney fees under Wis. Stat. § 895.35, it logically follows that they do not have a cause of action under § 895.35 even if the City unreasonably denies payment. Therefore, even if we take the allegations in the complaint as true—that the City had a practice and policy of reimbursing attorney fees and costs incurred by officers in connection with a defense against citizen complaints—neither Murray nor the officers have a viable claim for payment under § 895.35. Similarly, even if we were to accept as true Murray's allegation that the City failed to pay him because of political concerns, he is still not entitled to relief under § 895.35.[5]

¶ 12. Murray's characterization of the City's failure to pay as an erroneous exercise of discretion does not change this result.[6] In support of his argument that

---

[5] The specific nature of the City's political reasons for failing to pay his attorney fees is not alleged in the amended complaint, but is more fully developed in Murray's factual submissions. However, even if the amended complaint were more specific on this point, or even if we considered Murray's submissions in opposition to the motion, our analysis and conclusion would be the same.

[6] The City contends that we should not address Murray's contention that the City erroneously exercised its discretion under Wis. Stat. § 895.35 because that was not alleged in the complaint, and Murray did not make that argument until his brief in opposition to the City's motion to dismiss. However, a complaint need not expressly identify a legal theory, but only the facts necessary to recover under that legal theory. *See*

the City must exercise its discretion under WIS. STAT. § 895.35 reasonably and equitably, Murray cites three cases that have no bearing on § 895.35: *Jefferson County v. Timmel*, 261 Wis. 39, 62–63, 51 N.W.2d 518 (1952); *Quinn v. Town of Dodgeville*, 122 Wis. 2d 570, 577, 364 N.W.2d 149 (1985); and *Schmeling v. Phelps*, 212 Wis. 2d 898, 917, 569 N.W.2d 784 (Ct. App. 1997). These cases concern the constitutional limitations on the exercise of the police power in the context of zoning. Murray does not develop any argument to explain the connection between a municipality's exercise of its police powers and a municipality's exercise of the authority given it under § 895.35, and we see none.

■

¶ 13. At bottom, Murray appears to be arguing that because WIS. STAT. § 895.35 uses the word "may," the City's exercise of its authority under this statute is subject to judicial review based on a standard of reasonableness and equity. However, nothing in the statute suggests that this is the case. We conclude that "may" in the statute simply means that a municipality has the authority to pay the attorney fees described in this section, if it so elects. *Bablitch & Bablitch*, 82 Wis. 2d at 584. In considering very similar language in WIS.

---

*Northwestern Nat. Cas. Co. v. State Auto. & Cas. Underwriters*, 35 Wis. 2d 237, 241, 151 N.W.2d 104 (1967); WIS. STAT. § 802.02(1). Because the City has had the opportunity, both in the trial court and in this court, to respond to Murray's legal theory that the City must exercise its discretion under § 895.35 in a reasonable and equitable manner, it is proper to decide the merits of this legal theory.

STAT. § 62.09(7)(f) (1925) (now WIS. STAT. § 62.09(7)(e)),[7] the supreme court observed:

> To the point that the law does not guarantee that all public officers shall be treated alike, and that the common council may reimburse some and withhold such reimbursement from others, it is only necessary to say that the law does not confer a right to such reimbursement upon any public officer. The law simply confers upon common councils the same discretion which the legislature has always exercised. The law confers a discretionary power upon the council and does not grant a right to the officer. If such a power be misused, it calls for political and not legal remedies.

*Curry v. City of Portage*, 195 Wis. 35, 41, 217 N.W. 705 (1928).[8]

¶ 14. We next consider Murray's claim that the City is equitably estopped from denying payment. He alleges in the amended complaint that he relied on the

---

[7] WISCONSIN STAT. § 62.09(7)(e) provides:

(e) Whenever a city official in that official's official capacity is proceeded against or obliged to proceed before any court, board or

commission, to defend or maintain his or her official position, or because of some act arising out of the performance of that official's official duties, and that official has prevailed in such proceeding, or the council has ordered the proceeding discontinued, the council may provide for payment to such official such sum as it sees fit, to reimburse the official for the expenses reasonably incurred for costs and attorney fees.

[8] We do not suggest that the manner in which a municipality exercises its authority under WIS. STAT. § 895.35 is not subject to the Wisconsin Constitution or the United States Constitution, but Murray has not alleged any constitutional violation. Therefore our analysis of the City's exercise of its authority under § 895.35 is confined solely to Murray's claim for relief under the statute.

City's practice and policy of paying attorney fees in previous cases, and further relied on the actions taken at the April 1995 Special Judiciary and Legislative Committee meeting, and this reliance was to his detriment because he has not been paid and has therefore suffered damage.

■

¶ 15. In his brief, Murray describes his claim of equitable estoppel as "an equitable cause of action based upon his reliance on the City's historic practices." However, equitable estoppel (estoppel *in pais*)[9] is a bar to the assertion of what would otherwise be a right; it does not of itself create a right. *Utschig v. McClone*, 16 Wis. 2d 506, 509, 114 N.W.2d 854 (1962). Thus, Murray must establish his right to recover attorney fees from the City on some basis other than equitable estoppel; equitable estoppel does not establish that right. *Id.*[10]

---

[9] The requirements of equitable estoppel or estoppel *in pais* are: (1) action or inaction, (2) on the part of one against whom estoppel is asserted, (3) which induces reasonable reliance thereon by the other, either in action or non-action, and (4) which is to his or her detriment. *Milas v. Labor Ass'n of Wis., Inc.*, 214 Wis. 2d 1, 11–12, 571 N.W.2d 656 (1997).

[10] Promissory estoppel, in contrast to equitable estoppel or estoppel *in pais,* does provide an affirmative basis for recovery. *See Hoffman v. Red Owl Stores, Inc.*, 26 Wis. 2d 683, 696, 133 N.W.2d 267 (1965). The elements of this cause of action are: "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character . . . and which does induce such action . . . if injustice can be avoided only by enforcement of the promise." *Id.* at 694. Murray has not argued that he is entitled to relief on the basis of promissory estoppel, and such an argument would not be successful. The amended complaint does not allege that the City promised to pay him, thereby inducing him to represent the officers. Even if we were to construe the amended complaint as

¶ 16. Turning to the theory of unjust enrichment, we conclude the amended complaint does not state a claim for relief under this theory. The elements of an unjust enrichment claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value. *Puttkammer v. Minth*, 83 Wis. 2d 686, 688–89, 266 N.W.2d 361 (1978). Murray alleges in his complaint that by successfully defending the two officers, he conferred a specific benefit upon the City, the City had knowledge and appreciation of the fact of Murray conferring this benefit upon it, and the City's acceptance and retention of that benefit occurred under circumstances that would make it inequitable for the City to retain the benefit. Murray asserts that the City had an obligation to defend the officers against discharge proceedings stemming from a citizen complaint. However, he has cited no authority for that proposition. In response, the City asserts that it had no obligation to provide legal counsel to the officers, and Murray does not dispute that contention in his reply brief. We therefore take this as a concession. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994). In the absence of an obligation by the City to provide counsel to the officers, Murray's legal representation of them did not confer a benefit on the City.

alleging some implicit promise by the committee members at the April 1995 meeting to pay him the reduced amount, there is no allegation that the implicit promise induced action or inaction by Murray: he had already expended the time representing the officers.

¶ 17. Finally, the amended complaint does not state a claim for relief under the theory of quantum meruit. Recovery in quantum meruit is allowed for services performed for another on the basis of a contract implied by law to pay the performer the reasonable value of the services. *Ramsey v. Ellis*, 168 Wis. 2d 779, 784, 484 N.W.2d 331 (1992). To establish an implied contract, the plaintiff must show that the defendant requested the services and that the plaintiff expected reasonable compensation. *Id.*

¶ 18. The amended complaint alleges that Murray rendered legal services to the officers "[p]ursuant to the specific request of the two MPD officers . . . and based upon the City's habit, practice, and policy of reimbursing MPD officers' legal fees and costs in connection with the defense of a citizen complaint brought against them in the course of their official duties to the City." There is no allegation that the City requested the services; certainly the City's past practice of reimbursement is not the equivalent of a request by the City for Murray to represent the officers.

¶ 19. Because the amended complaint does not state a claim for relief under any of the legal theories Murray advances, we affirm the trial court's judgment dismissing the amended complaint.

*By the Court.*—Judgment affirmed.