Mary K. Sᴜʟᴢᴇʀ, Plaintiff-Respondent-Cross-Appellant,†

v.

Mary Susan Dɪᴇᴅʀɪᴄʜ, Defendant-Appellant-Cross-Respondent.

Court of Appeals

*No. 02–0036. Submitted on briefs September 12, 2002.—Decided October 23, 2002.*

2002 WI App 278

(Also reported in 654 N.W.2d 67.)

† Petition to review granted 2-19-03.

684

On behalf of the defendant-appellant-cross-respondent, the cause was submitted on the briefs of *John K. Brendel* of *Brendel Law Offices*, Brookfield.

On behalf of the plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *C. Michael Hausman* of *C. Michael Hausman & Associates, Ltd.*, Delafield.

Before Brown, Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Mary Susan Diedrich (Diedrich) appeals from a judgment awarding Mary K. Sulzer (Sulzer) a money judgment in the amount of $169,482.79. Sulzer, who was married to Frederick Diedrich until September 1989, brought this action for a constructive trust over survivorship benefits distributed to Diedrich, Fred's second wife, after his death. Sulzer claimed that she never received her share of Fred's retirement benefits awarded to her in the divorce judgment, which were then converted to survivorship benefits upon Fred's death and distributed to Diedrich as the named beneficiary of those benefits. The trial court found in favor of Sulzer and awarded her a money judgment.

¶ 2. On appeal, Diedrich argues that the trial court erroneously awarded Sulzer the judgment on the theory of unjust enrichment and that the amount awarded is excessive. Sulzer cross-appeals, also arguing that a money judgment was inappropriate but maintaining that the trial court erred in relinquishing the imposition of a constructive trust over the pension funds in question. We conclude that a money judgment was inappropriate and the trial court erred in vacating the constructive trust. We also conclude that Sulzer should not have earned interest or appreciation on the benefits after Fred died. We remand this matter to the trial court to impose a constructive trust over the appropriate amount of the pension funds as provided in this opinion.

## FACTS[1]

¶ 3. Sulzer was married to Fred on September 25, 1976; divorce proceedings were commenced on January 26, 1989, in Waukesha county. A judgment of divorce was granted by Judge Willis J. Zick on September 6, 1989. At the time of the divorce, Sulzer and Fred orally stipulated to the following:

> [T]he parties have agreed to divide equally all of [Fred's] interests through the Wisconsin Retirement [S]ystem with the values established as of today's date, and all of [Fred's] interest in his deferred compensation program through the State of Wisconsin.

The judgment of divorce also contained such a written stipulation:

> The parties will divide equally all of [Fred's] interest in the retirement, pension, profit sharing, or deferred compensation benefits through the Wisconsin Retirement System or the State of Wisconsin. The deferred compensation plan of [Fred] is presently administered by the Copeland Companies and his retirement benefits are with the State of Wisconsin Retirement System. It is the parties['] intent to have these

---

[1] For the purposes of this appeal, the facts have, for the most part, been gleaned from Sulzer's briefs. On her appeal, Diedrich did not provide any citations to the record to corroborate the facts set out in her briefs. Such failure is a clear violation of WIS. STAT. RULE 809.19(1)(d) and (3) (1999–2000) of the rules of appellate procedure, which requires parties to set out facts "relevant to the issues presented for review, with appropriate references to the record." An appellate court is improperly burdened where briefs fail to consistently and accurately cite to the record. *Meyer v. Fronimades*, 2 Wis. 2d 89, 93–94, 86 N.W.2d 25 (1957). We therefore hold Diedrich to those facts set forth in Sulzer's brief. All references to the Wisconsin Statutes are to the 1999–2000 version.

benefits divided as to their balance on the date of the divorce trial of September 6, 1989, by a Qualified Domestic Relations Order, or an order of the Court having a similar effect.[2]

¶ 4. After the divorce, over the years the trial court began issuing orders seeking a division of the retirement benefits in WRS and Copeland. An order for division of the benefits was issued by Judge Zick on August 17, 1990. A domestic relations order for division of deferred compensation was entered by Judge Zick on February 24, 1993, and an order to divide the WRS benefits was entered by Judge Donald J. Hassin, Jr. on April 6, 1995. Despite these orders, Sulzer was unsuccessful in her attempts to secure division of either WRS or Copeland.

¶ 5. On May 9, 1992, Fred married Diedrich. Shortly after the marriage, on May 22, 1992, Fred executed a "Beneficiary Designation" form listing Diedrich as the primary beneficiary and directing WRS to pay all death benefits due to Diedrich under the WRS program.[3]

¶ 6. On February 8, 1995, Fred died. On March 14, 1995, Copeland denied Sulzer's request for issuance of the benefits because she was not a designated ben-

---

[2] We will refer to the interest in the employee trust fund of the Wisconsin Retirement System as "WRS" and the retirement interest in the City of Waukesha Retirement/Deferred Compensation Plans administered by the Copeland Companies as "Copeland."

[3] While there is no document in the record that demonstrates Fred also named Diedrich beneficiary of Copeland, a letter from Copeland Companies indicates that Sulzer was not Copeland's named beneficiary. We therefore assume that Fred likewise changed the beneficiary designation with Copeland to Diedrich.

eficiary; on March 30, 1995, WRS did the same. On April 5, 1995, Diedrich executed a "Beneficiary Designation" form to WRS listing her sister as primary beneficiary of any benefits payable under the WRS program.

¶ 7. On December 20, 1996, Sulzer initiated this action, requesting the imposition of a constructive trust against Diedrich.[4] After numerous delays, postponements and adjournments, on September 18, 2000, the trial court imposed a constructive trust upon all the funds from Copeland and WRS and set a hearing to determine the monetary interest that Sulzer may have had in each of the accounts. However, at an August 8, 2001 hearing, the trial court vacated the constructive trust and awarded Sulzer a money judgment. Diedrich appeals and Sulzer cross-appeals.

## DISCUSSION

¶ 8. Diedrich first argues on appeal that a judgment on the grounds of unjust enrichment is inappropriate. Sulzer responds that this was not an action to recover for unjust enrichment but was commenced as an action for a constructive trust. We agree that this action originally began as an action for imposition of a constructive trust and that a constructive trust was initially imposed. However, on August 8, 2001, the trial court unequivocally vacated the constructive trust and awarded Sulzer a money judgment. Unfortunately, the

---

[4] Sulzer also named Fred's estate as a respondent in this action; the estate responded with a motion to dismiss. There is no formal court action addressing the disposition of this motion or the estate's position in these proceedings; however, Sulzer's trial brief indicates that the parties stipulated to the estate's dismissal from this action with the trial court's approval.

trial court never supplied any explanation nor provided any legal basis for awarding said money judgment but merely vacated the constructive trust and awarded judgment to Sulzer. Without the benefit of any kind of analysis, we can only assume that the trial court did so on the grounds of unjust enrichment.

¶ 9. A trial court's decision to grant equitable relief in an action for unjust enrichment is discretionary. *See Ulrich v. Zemke*, 2002 WI App 246, ¶ 8, 258 Wis. 2d 180, 654 N.W.2d 458, *review denied*, 2003 WI 1, 258 Wis. 2d 108, 655 N.W.2d 128 (Wis. Dec. 20, 2002) (No. 01-2195). Discretionary decisions are sustained if the trial court examined the relevant facts, applied a proper standard of law, and, using a rational process, reached a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982). Whether the trial court utilized the proper legal standard is a question of law we review de novo. *Three & One Co. v. Geilfuss*, 178 Wis. 2d 400, 410, 504 N.W.2d 393 (Ct. App. 1993). Additionally, we will not set aside factual determinations made by the trial court unless the findings are clearly erroneous. WIS. STAT. § 805.17(2).

¶ 10. The elements of an unjust enrichment claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or knowledge by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value. *Murray v. City of Milwaukee*, 2002 WI App 62, ¶ 16, 252 Wis. 2d 613, 642 N.W.2d 541. We conclude that the elements of unjust enrichment have not been met here.

¶ 11. While Diedrich may have received a benefit (the proceeds from WRS and Copeland), the benefit was not conferred upon her by Sulzer. Nothing Sulzer said or did provided Diedrich with this benefit. The first element of unjust enrichment has not been met here and thus a money judgment on this basis was erroneous.

¶ 12. This matter does not end here, however. Sulzer argues in her cross-appeal that the trial court erred in relinquishing the imposition of a constructive trust over the pension funds. We agree.

¶ 13. A constructive trust is an equitable device created by law to prevent unjust enrichment, which occurs when one party receives a benefit and its retention is unjust to another. *Wilharms v. Wilharms*, 93 Wis. 2d 671, 678, 287 N.W.2d 779 (1980). A constructive trust is imposed only when legal ownership is held by someone who, in equity and good conscience, should not be entitled to beneficial enjoyment and when ownership was obtained by means of fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong or by any form of unconscionable conduct. *Id.* at 678–79.

¶ 14. A constructive trust may be imposed against a person who did not participate in the wrongful conduct or even know of the conduct initially. *See id.* at 679. Mere ignorance of an impropriety does not render the recipient so innocent as to make inappropriate the impression of a constructive trust. *Prince v. Bryant*, 87 Wis. 2d 662, 670, 275 N.W.2d 676 (1979). If the elements have been satisfied and the person claiming ownership is not a bona fide owner, then a constructive trust may

be imposed. *Wilharms*, 93 Wis. 2d at 679. Whether the facts warrant imposition of a constructive trust is a question of law which we review independently of the trial court. *Hendricks v. M.C.I., Inc.*, 152 Wis. 2d 363, 366, 448 N.W.2d 289 (Ct. App. 1989).

¶ 15. Here, the trial court initially imposed a constructive trust but then vacated it. We conclude that the trial court's initial decision to impose a constructive trust was proper and therefore the trial court erred when it vacated said trust. The divorce judgment, both written and oral pronouncements, clearly expressed both Fred's and Sulzer's intent to divide Copeland and WRS, as determined on the date of the divorce, equally. Diedrich obtained title to all of these funds only because Fred, whether by mistake or otherwise, incorrectly named her as the sole beneficiary. Thus, a portion of the pension funds which were allocated to Sulzer in the divorce judgment are being wrongfully held by Diedrich, someone who in equity and good conscience should not be entitled to the beneficial enjoyment of them. The facts here warrant the imposition of a constructive trust and the trial court erred in vacating it.

¶ 16. In her appeal, Diedrich argues that the amount awarded Sulzer was excessive; she specifically argues that the evidence does not support the amount of the award. We agree that the amount awarded in the money judgment exceeds the amount to be placed in a constructive trust.

¶ 17. The funds at issue are no longer retirement benefits that have been sitting in an account accruing earnings but were converted to survivorship benefits that were distributed upon Fred's death on February 8,

1995. Based upon the affidavit of Sulzer's expert, we conclude that Sulzer is entitled to a constructive trust equal to her fifty percent share of the marital portion of the benefits accruing up to February 8, 1995. Because Sulzer would have received this portion upon Fred's death, this is all she is entitled to. She is not entitled to any appreciation after the date of death.

¶ 18. In addition, Sulzer is not entitled to interest on that sum after the date of death. Interest is normally awarded where one party has wrongfully retained use of a second party's money. *See Kilgust Heating Div. of Wolff, Kubly & Hirsig, Inc. v. Kemp*, 70 Wis. 2d 544, 550, 235 N.W.2d 292 (1975). Here, Diedrich did not wrongfully retain the use of Sulzer's money. We note that Fred died in February 1995 and while Sulzer initiated this action in December 1996, it is because of numerous requests for postponements, adjournments, substitution of attorneys and the like that delay resulted. Because the claim sounds in equity, we conclude that Sulzer is not entitled to interest on her share of the benefits accruing after the date of death.

## CONCLUSION

¶ 19. In sum, we conclude that the trial court erroneously awarded Sulzer a money judgment on the theory of unjust enrichment and erred in vacating the constructive trust. We also conclude that Sulzer should have not have earned interest or appreciation on the benefits after the death of Fred on February 8, 1995. We remand this matter to the trial court with instructions to impose the constructive trust after determining the appropriate amount of money consistent with this opinion.

¶ 20. Costs are denied to both parties.

*By the Court.*—On appeal, judgment affirmed in part, reversed in part and cause remanded with directions; on cross-appeal, judgment reversed.