COURT OF APPEALS
DECISION
DATED AND FILED

October 10, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP261**

STATE OF WISCONSIN

Cir. Ct. No. 2023SC179

IN COURT OF APPEALS
DISTRICT IV

---

DAWN CLENDENEN,

PLAINTIFF-RESPONDENT,

V.

RILEY SOLBERG,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Lafayette County: DUANE M. JORGENSON, Judge. *Affirmed.*

¶1    BLANCHARD, J.[1]  Riley Solberg, pro se, appeals a judgment entered by the circuit court in this small claims action brought by Dawn Clendenen.  The judgment awards Clendenen an amount that the court determined

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

represents the value of residential cleaning services that Clendenen provided to Solberg. I conclude that Solberg does not develop in this appeal any argument that is supported by legal authority, based on relevant facts in the record, that establishes court error. Accordingly, I affirm.

¶2 Clendenen's small claims complaint alleged the following. Solberg hired Clendenen's cleaning company to clean Solberg's new residence, before Solberg's family planned to move into the house. Clendenen "advised" Solberg that Clendenen and four other employees would do the cleaning work at a rate of $50 per hour per worker. After Clendenen's team cleaned the house, she charged Solberg a total of $1,075 (*i.e.*, for 20.5 hours of work performed by five cleaners collectively). Solberg paid Clendenen $550, but declined to pay more.

¶3 The circuit court held a hearing on Clendenen's claim, with both Clendenen and Solberg appearing pro se. Both parties were sworn in, gave testimony, and presented exhibits. Clendenen presented the court with messages that the parties exchanged via Facebook. Solberg presented photographs that purported to show portions of the home that had allegedly been left uncleaned or poorly cleaned by Clendenen's team.

¶4 After considering this evidence, the circuit court made the following explicit and implicit factual findings and rulings. The parties did not have a "meeting of the minds" regarding "the basic" or "material" terms of a contract, including how many people Clendenen would have working with her and approximately how many hours would be required for Clendenen to complete her work. Although there was no contract, Clendenen provided labor and materials for the cleaning job requested by Solberg, which were accepted by Solberg with the expectation that Clendenen would be fairly compensated. Therefore, the court

reasoned, Clendenen is entitled to compensation under the legal doctrine of quantum meruit, for labor and materials. The court implicitly determined that the mutually understood hourly rate of $50 per hour approximated the value of the time and materials; this included crediting Clendenen's testimony about the number of hours that her team put into the job.

¶5    The court further found that Solberg's photographs did not establish that Clendenen's team did not spend the amount of time on cleaning claimed by Clendenen. The court also expressed the view that it was not clear from the photos what the quality of the cleaning work was overall, and the court implicitly credited Clendenen's testimony that the work was of compensable quality. The court also appeared to credit Clendenen's testimony that Solberg presented Clendenen with nearly all of her photographs of allegedly substandard work for the first time at the hearing, and further that, if Solberg had timely alerted Clendenen to the deficiencies allegedly reflected in the photos, Clendenen would have returned to fix them.

¶6    The circuit court ruled that Clendenen could cash a check from Solberg already in Clendenen's possession, in the amount of $521.50, and that a judgment would be further entered against Solberg in the amount of $500. Solberg appeals.

¶7 After Solberg filed her brief in chief, Clendenen did not file a response brief.[2]

¶8 Solberg asserts that the circuit court denied her the opportunity to present evidence that: contrary to Clendenen's testimony, Solberg sent Clendenen the photos of areas of the home that Clendenen had allegedly failed to properly clean before the hearing; and, relatedly, Clendenen did not offer to return to the house to remedy any cleaning deficiencies. More broadly, she makes assertions to the effect that the court did not conduct the hearing in a way that was fair to Solberg. For example, she notes that the court at times interrupted Solberg's testimony or argument. She further alleges that the court appeared "agitated and non[-]attentive" toward Solberg, prevented her from seeing evidence presented by Clendenen (presumably copies of the Facebook messages), and did not allow Solberg to respond to Clendenen's testimony.

¶9 I reject these arguments because Solberg does not support them with legal authority and also fails to support them factually (with the arguable exception of some interruptions of Solberg by the court). *See* WIS. STAT. RULE 809.19(1)(e) (requiring appellant's brief to contain legal arguments with citations to supporting statutes and other legal authorities); ***Wal-Mart Real Est. Bus. Tr. v. City of Merrill***, 2023 WI App 14, ¶32, 406 Wis. 2d 663, 987 N.W.2d

---

[2] WISCONSIN STAT. RULE 809.19(3) requires a respondent to file a response brief. Despite warnings from this court that failure to file a responsive brief could result in summary reversal, *see **Raz v. Brown***, 2003 WI 29, ¶¶18, 32, 260 Wis. 2d 614, 660 N.W.2d 647, Clendenen has not done so. Under these circumstances, I could deem Clendenen's failure to file a brief a concession that the circuit court erred. *See **State ex rel. Blackdeer v. Township of Levis***, 176 Wis. 2d 252, 260, 500 N.W.2d 339 (Ct. App. 1993). But taking into account the material available in the record, the clarity of the circuit court's challenged decisions, and the nature of Solberg's brief, I conclude that affirmance is appropriate for the reasons stated in the text.

764 (court of appeals "need not consider arguments that are undeveloped and unsupported by citations to legal authority"). As for the absence of legal authority, she does not attempt to address the appropriate standard for this court to review her arguments about how the hearing was conducted, or for that matter the standards to review any of her arguments. Although this court liberally construes filings by pro se litigants, *see West v. Macht*, 2000 WI App 134, ¶15 n.6, 237 Wis. 2d 265, 614 N.W.2d 34, pro se litigants are nonetheless "bound by the same rules that apply to attorneys on appeal," *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).

¶10    Further, Solberg does not identify what additional evidence she would have presented to the circuit court if allowed, nor does she explain how any additional evidence should have resulted in the court making different material findings. The starting point of the type of fairness-based arguments that I understand her to be attempting to raise would require showing one of two categories of error that would require reversal: how the court allegedly cutting short Solberg's opportunity to present her case in fact prejudiced her; or how the court's alleged errors were structural in nature. Solberg's brief does not attempt either route.

¶11    I now turn to the absence of relevant facts, based on my own review of the record. It is not clear from the hearing transcript that, even if the circuit court did interrupt Solberg at times, the court did not give Solberg sufficient opportunities to be heard or present evidence. The issues here were not complex or technical. Further, a court in a hearing of this type has latitude to question witnesses, to determine the order of proofs and arguments, and to reasonably move the proceedings along in the interest of efficiency. *See* WIS. STAT. § 799.209(1) (The court or commissioner "shall conduct the proceeding informally, allowing

each party to present arguments and proofs and to examine witnesses to the extent reasonably required for full and true disclosure of the facts."); *State v. Jackson*, 2023 WI 3, ¶27, 405 Wis. 2d 458, 983 N.W.2d 608 (circuit courts generally have wide latitude to manage the orderly and efficient presentation of evidence at a trial on a case-by-case basis). Thus, even if I were to set to the side Solberg's lack of legal support for fairness-based arguments, they do not appear to be factually supported.

¶12 Solberg appears to take the position that, contrary to the circuit court's reasoning, she and Clendenen formed an enforceable contract. However, she does not develop an argument supported by references to relevant facts in the record and legal authority undermining the court's reasoning that no contract was formed. She cites some Wisconsin and federal statutes, but all of those appear to be off point. In any case, she does not develop an argument explaining why the cited statutes apply here or how they create a problem with any aspect of the court's reasoning.

¶13 To the extent that Solberg may mean to suggest that the circuit court's application of the doctrine of quantum meruit, and the court's determination of damages, cannot be sustained based on the facts that were explicitly and implicitly found by the court, she fails to develop an argument along these lines. *See Murray v. City of Milwaukee*, 2002 WI App 62, ¶17, 252 Wis. 2d 613, 642 N.W.2d 541 (an implied contract under a theory of quantum meruit is shown through proof that "the defendant requested the services and that the plaintiff expected reasonable compensation"); *see also Ramsey v. Ellis*, 168 Wis. 2d 779, 785, 484 N.W.2d 331 (1992) ("[D]amages in a quantum meruit claim are measured by the reasonable value of the plaintiff's services."). Solberg takes the position that the circuit court was unreasonable in valuing Clendenen's

services. But she merely asserts this position and declares that the hearing was not fair. She does not present an argument establishing that the court either clearly erred in making any material finding of fact, *see **La Velle v. De Luca***, 48 Wis. 2d 464, 467, 471, 180 N.W.2d 710 (1970) (upholding circuit court's findings of fact regarding quantum meruit claim because they were "not against the great weight and clear preponderance of the evidence"), or erred in making any legal determination.

¶14 For these reasons, I conclude that Solberg fails to identify a basis to reverse the small claims judgment and accordingly I affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.